■ ANTHONY CHIULLI, Appellant, v CROSS WESTCHESTER DEVELOPMENT CORP., Respondent.—In a proceeding pursuant to

Business Corporation Law § 619 to set aside an election of directors of a corporation, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered December 19, 1985, which dismissed the proceeding and confirmed the election of directors.

Ordered that the judgment is affirmed, with costs.

Special Term correctly concluded that the challenged election of directors of the respondent corporation was properly conducted (see, Business Corporation Law §§ 619, 608). The petitioner argues that his shares should not have been counted in determining whether there was a quorum present because the shareholders' meeting was held at an improper location and he attended the meeting only to protest the location. This argument is raised for the first time on appeal and therefore may not be considered by this court (see, Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., 115 AD2d 576). In any event, the argument is clearly meritless. The record shows that the petitioner attended the meeting without ever complaining that it was being held at an improper location and he thus waived any objection which he might have had in that respect (see, 5 Fletcher, Cyclopedia of Corporations § 2005 [1976 perm ed, 1986 Supp Pamph]). Finally, we agree with Special Term that it was unnecessary for it to determine whether the 30 shares of stock held by Arlington Avenue Associates, Inc., were validly issued, since the election result would have been the same even if those shares had not been voted (see, Matter of Goldfield Corp. v General Host Corp., 29 NY2d 264; Matter of Schmidt [Magnetic Head Corp.], 97 AD2d 244). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.