■ In the Matter of RUSSELL KANTOR, Appellant, v DANIEL PAVELCHAK et al., Respondents.—In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 1, 1986, which, *inter alia,* granted summary judgment dismissing the complaint insofar as it is asserted against the defendant Warnecke, and, upon searching the record, dismissed the second cause of action insofar as it is asserted against the defendant Pavelchak.

Ordered that the order is affirmed, with costs to the respondent Alexander Warnecke.

The court erred in granting summary judgment to the *defendant* Warnecke on the ground that the action was barred by the Statute of Limitations as this relief was not sought in the notice of motion or the accompanying affidavit *(see,* CPLR 2214 [c]; *Pace v Perk,* 81 AD2d 444). Additionally, this court,

upon searching the record on this motion, cannot reach the issue because of the omission in the record of any affidavit of service indicating when the action was commenced against Warnecke. However, the motion was nonetheless properly granted on the substantive grounds as set forth below.

A bona fide communication made upon any subject matter in which the party communicating has an interest or duty is protected by a qualified privilege when it is made to a person having a corresponding interest or duty (see, Stukuls v State of New York, 42 NY2d 272, 278-279). Here, the plaintiff concedes that the alleged defamatory statements were protected by this privilege as they were made by members of the church hierarchy to each other and to members of the church council in regard to rumors of alleged acts of impropriety on the part of the plaintiff, a council member. In order to defeat a qualified privilege it is incumbent upon the plaintiff to prove that the statements were false and that the defendants acted with malice (Stukuls v State of New York, supra; Friedman v Ergin, 110 AD2d 620, affd 66 NY2d 645; Handlin v Burkhart, 101 AD2d 850, lv dismissed 64 NY2d 607, 882, affd 66 NY2d 678). The plaintiff failed to meet his burden by offering evidentiary proof which would raise a triable issue of fact on the issue of malice. Mere rumor, suspicions, surmise and accusations of malice, as are present here, are not sufficient to defeat the privilege (see, Stukuls v State of New York, supra, at 278-279; Friedman v Ergin, supra). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.