(August 14, 1989)

■ Dorothy Agins, Appellant-Respondent, v Evelyn Darmstadter, Defendant, and George Kane, Respondent-Appellant. —In an action to recover damages for defamation, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered January 28, 1988, as granted those branches of the defendant Kane's motion for summary judgment which were for dismissal of the first, second and third causes of action interposed against him and denied her cross motion for leave to file a late notice of claim, and (2) the defendant Kane cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion for summary judgment which was for dismissal of the fourth cause of action interposed against him.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant Kane's cross motion for summary judgment which was for dismissal of the fourth cause of action interposed against him is granted; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The plaintiff, who is employed by the Plainedge School District as a teacher at the Schwarting Elementary School, alleged in her complaint, *inter alia,* that the defendant Evelyn Darmstadter, a library media specialist at the Schwarting Elementary School, had advised the defendant George Kane, the superintendent of schools for the Plainedge School District, "on or about December 12th or 13th, 1984", that she had received two unsigned threatening letters in the mail, on October 6, 1982 and December 4, 1984, respectively, which she believed were sent by the plaintiff. The first three causes of action interposed against the defendant Kane on the ground of defamation concerned statements made by Kane (1) to the assistant superintendent of schools of the Plainedge School District and the principal of the Schwarting Elementary School, on December 13, 1984, concerning Darmstadter's sus-

picions, (2) to Darmstadter, on April 1, 1985, concerning the need to supply a handwriting analyst with additional handwriting samples from the plaintiff, and (3) to Darmstadter, again in April 1985 wherein he advised her of the handwriting analyst's conclusions.

The Supreme Court properly held that these statements made by Kane were uttered in the course of his official duties. Accordingly, the first three causes of action interposed against the defendant Kane were properly dismissed, due to the plaintiff's conceded failure to serve a notice of claim *(see,* Education Law § 3813 [2]; *Cioffi v Giannone,* 56 AD2d 620). The fourth cause of action interposed against the defendant Kane should also have been dismissed on the same ground. In the fourth cause of action interposed against the defendant Kane it was alleged that Kane called a United States Postal Inspector on April 10, 1985, and asked, *inter alia,* if the inspector was interested in pursuing the possibility of a connection between the letters to Darmstadter and a pipe bomb which had been mailed to Kane's home in 1983. These statements by Kane to the postal inspector were also uttered in the course of his official duties in that they related to his investigation of accusations of wrongdoing by one employee of the school district against another. In view of the plaintiff's conceded failure to serve a notice of claim, the fourth cause of action must also be dismissed *(Cioffi v Giannone, supra,* at 620).

The Supreme Court properly denied the plaintiff's cross motion for leave to file a late notice of claim inasmuch as the motion was not made until after the expiration of the applicable 1-year-and-90-day period of limitations *(see, Pierson v City of New York,* 56 NY2d 950).

We have examined the parties' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.