■ NANCY ZUGER, Individually and as Chairman of the Committee of Gramercy Park Lot Owners, et al., Appellants, v CONSTANCE D. GIBSON et al., as Existing Trustees for Gramercy Park Lot Owners, et al., Respondents. [606 NYS2d 175] — Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered May 22, 1992, which denied plaintiffs' motion for partial summary judgment, upheld the authority of defendants Gibson and Munnell, the remaining trustees of Gramercy Park, to establish the procedures for selection of successor trustees, validated the election of defendants Abbey, Leitner and Benenson as successor trustees, but denied defendant Leitner's cross motion for summary judgment because of a purported issue of fact concerning his eligibility, unanimously modified, on the law, to grant defendant Leitner's cross motion for summary judgment, and otherwise affirmed, without costs.

The deed of trust establishes that the trustees have the authority, *inter alia,* to administer elections for successor trustees, among the owners of the lots adjoining Gramercy Park, whenever the number of remaining trustees falls below three, and to determine the appropriate procedure for carrying out such elections. Notably, the trustees have exclusively administered and determined the rules for all elections of successor trustees since the creation of the deed of trust in 1831.

In 1990, after failing initially to usurp the remaining trustees' role in conducting the election, plaintiffs submitted their

own names in nomination and participated in an election by the lot owners under the remaining trustees' aegis, resulting in plaintiffs' defeat. Notwithstanding plaintiffs' pre-election protests as to details of the election procedure, they effectively waived any objection to the process by full participation in the election *(Chiulli v Cross Westchester Dev. Corp.,* 130 AD2d 616). Nor have plaintiffs established that their consent to the election was the result of material misrepresentations by the trustees. Thus, the IAS Court properly denied summary judgment to plaintiffs who sought a declaration that the lot owners, and not the remaining trustees, have exclusive authority to administer and establish the rules for such elections.

The IAS Court framed as an issue of fact the question of candidate Leitner's eligibility to be a trustee because of his simultaneous residency in Florida. The deed of trust speaks in terms of trustees "living in the City of New York", thus invoking concepts of residence, rather than technical domicile. Defendant Leitner has maintained an apartment at 15 Gramercy Park South for approximately 30 years, thus meeting the requirement of maintaining a physical residence in the City. Indeed, there is historical precedent for a Gramercy Park trustee to be retained as a member of the board despite his temporary residence outside the City. Having met the qualifications of the deed of trust, defendant Leitner's election should have been upheld without a further fact-finding inquiry, and we modify accordingly. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.