■ JEROME KAMERMAN, Appellant, v STANLEY KOLT, Defendant, and MICHAEL REICH et al., Respondents. [621 NYS2d 97] —In an action to recover damages for libel, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 8, 1993, as granted the separate motions of the defendants Michael Reich and Paul Hoffert for summary judgment dismissing the complaint insofar as it is asserted against them, (2) so much of a judgment of the same court, entered September 20, 1993, as is in favor of the defendants Michael Reich and Paul Hoffert and against him, dismissing the complaint insofar as it is asserted against those defendants, and (3) an order of the same court, entered November 9, 1993, which granted the motion of the defendant Jonathan Gutman for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the appeal from the order entered July 8, 1993, is dismissed; and it is further,

Ordered that the judgment entered September 20, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered November 9, 1993, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order entered July 8, 1993, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages based on an allegedly libelous letter dated February 22, 1990, and signed, *inter alia,* by the respondents. Copies of the letter were sent to six other individuals. All the persons who signed the letter or received copies of it held leadership positions in the Westchester Religious Institute and/or its affiliated facilities.

The letter discussed certain actions taken by the plaintiff in his capacity as President of the Westchester Religious Institute and as a trustee of its affiliated facilities and called upon the plaintiff and his son-in-law to resign from their respective positions at the Westchester Religious Institute.

The Supreme Court granted the separate motions of the defendants Michael Reich, Paul Hoffert, and Jonathan Gutman for summary judgment dismissing the complaint insofar as asserted against them. It denied a similar motion by defendant Stanley Kolt, who has not appealed. As to the three defendants (hereinafter the respondents) to whom it granted summary judgment, the Supreme Court held that the communications in the February 22, 1990, letter were covered by a qualified privilege because the parties shared a common interest "in the leadership of the institutions" of the Westchester Religious Institute. The Supreme Court further held that the plaintiff failed to present proof sufficient to establish that the respondents had acted with malice. We agree with the holdings of the Supreme Court and therefore affirm.

A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest *(see, Liberman v Gelstein,* 80 NY2d 429, 437). However, the shield provided by a qualified privilege can be pierced by a showing that the defendant acted with malice *(see, Liberman v Gelstein, supra,* at 437). Once a qualified privilege is shown to exist, the burden of proof shifts to the plaintiff to establish that the communication was not made in good faith but was motivated solely by malice *(see, Liberman v Gelstein, supra).* Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege *(see, Hollander v Cayton,* 145 AD2d 605, 606; *Garson v Hendlin,* 141 AD2d 55, 63-64). The plaintiff's papers failed to present proof sufficient to meet that burden. Accordingly, summary judgment was properly granted.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.