BARRY GOLDBLATT et al., Appellants, v FREDERIC SEAMAN, Defendant, and CAROL COMMUNICATIONS CORP., Doing Business as CAROL PUBLISHING GROUP, Respondent. [639 NYS2d 438]

The plaintiffs Barry Goldblatt and his wife Jane Goldblatt commenced this action, *inter alia,* to recover damages for allegedly libelous statements made by the defendant Frederic Seaman, and published by the defendant Carol Communications Corp. (hereinafter Carol) in a book entitled *The Last Days of John Lennon: A Personal Memoir.* In the book, Seaman, formerly an assistant to John Lennon and Yoko Ono, wrote of an incident on September 27, 1982, during which the plaintiff Barry Goldblatt (hereinafter Goldblatt) and another man, Robert Greve, who were both New York City police officers as well as personal bodyguards for Lennon's family, apprehended Seaman and assaulted him before taking Seaman to the 20th Police Precinct. Goldblatt denied that the incident ever occurred.

The Supreme Court granted Carol's motion for summary judgment and dismissed the complaint insofar as asserted

against it. The court dismissed the libel cause of action on the ground that no reasonable jury could find, based on the record, that there existed clear and convincing evidence that Carol published the challenged statements either with the knowledge that they were false or with a high degree of awareness that they were probably false.

The plaintiff did not challenge before the Supreme Court Carol's assertion that he was to be treated as a public official *(see, Orr v Lynch,* 60 AD2d 949, *affd* 45 NY2d 903). It is well settled that a public official may not recover damages "for a defamatory falsehood relating to his official conduct unless he proves [by clear and convincing evidence] that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not" *(New York Times v Sullivan,* 376 US 254, 279-280).

The test of actual malice has been fashioned by the Supreme Court as a deliberately subjective one *(see, Harte-Hanks Communications v Connaughton,* 491 US 657). The relevant inquiry asks whether the defendant "realized that his [or her] statement was false" or whether he or she "subjectively entertained serious doubt as to the truth of his statement" *(Bose Corp. v Consumers Union of U.S.,* 466 US 485, 511, n 30), such that he or she published it with "a high degree of awareness of * * * probable-falsity" *(St. Amant v Thompson,* 390 US 727, 731). Actual malice is measured by what the defendant actually believed and not by "whether a reasonably prudent man would have published, or would have investigated before publishing" *(St. Amant v Thompson, supra,* at 731).

In determining whether a defendant published a statement with actual malice, the issue for a court on a motion for summary judgment is whether the plaintiff has met his or her burden of presenting evidence that could demonstrate, with convincing clarity, that a defendant either knew that the statements were false or published them with a high degree of awareness that they were probably false *(see, Anderson v Liberty Lobby,* 477 US 242, 255-256).

In the instant case, the record contains direct documentary evidence as to the state of mind of Carol and its outside counsel who conducted a libel review. The plaintiffs have not contravened the express documentation of Carol's state of mind. Correspondence between the attorney who conducted the libel review and Carol shows that Carol published the challenged account of the incident based on its own independent review of the book as well as the libel review of outside counsel who after considerable research and investigation determined that

the author's statements with regard to the incident were credible. Based upon the documentation of Carol's state of mind upon the completion of the libel review, the record shows that both Carol and its outside counsel believed in good faith in the truthfulness of the author's account of the incident and did not entertain serious doubts as to the truth of the incident as described in the book. In light of the fact that the actual malice test is a subjective standard, Carol's state of mind, as directly documented in this record, cannot support a finding by a reasonable jury that Carol published the challenged statements with actual malice *(see, St. Amant v Thompson, supra,* at 727, 731; *Sweeney v Prisoners' Legal Servs.,* 84 NY2d 786; *Prozeralik v Capital Cities Communications,* 82 NY2d 466). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Carol.

We find the plaintiffs' remaining contentions to be without merit. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.