■ JAMES T. MURPHY, Appellant, v LONG ISLAND GASOLINE RETAILERS' ASSOCIATION AND ALLIED TRADES, INC., et al., Respondents. [649 NYS2d 722] —In an action, *inter alia,* to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated October 31, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an attorney, was employed as general counsel by the defendant Long Island Gasoline Retailers' Association and Allied Trades, Inc., f/k/a Long Island Gasoline Retailers' Association, Inc. (hereinafter LIGRA) from 1985 to 1991. He brought this action to recover damages for libel based on a memorandum written by the defendant Mary Ann Ragona, the president of LIGRA, to the chairman of LIGRA's legal committee, addressing Ragona's concerns about the adequacy of the plaintiff's work as LIGRA's general counsel. The memorandum was also sent to the members of LIGRA's legal committee and its board of directors. The board of directors of LIGRA dismissed the plaintiff.

A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (*see, Liberman v Gelstein,* 80 NY2d 429, 437). However, the shield provided by a qualified privilege can be pierced by showing that the defendant spoke with malice (*see, Liberman v Gelstein, supra,* at 437; *Kamerman v Kolt,* 210 AD2d 454, 455; *Paskiewicz v National Assn. for Advancement of Colored People,* 216 AD2d 550, 551).

Once a qualified privilege is established, the burden of proof shifts to the plaintiff to show that the communication was not made in good faith but was motivated solely by malice *(see, Liberman v Gelstein, supra; Kamerman v Kolt, supra).* In the instant case, the plaintiff's papers failed to present proof sufficient to meet that burden. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.