■ COHEN-PUTNAM AGENCY, LTD., et al., Appellants, v PROFESSIONAL SHOW MANAGERS' ASSOCIATION, INC., et al., Respondents. [676 NYS2d 873] —In an action, *inter alia,* to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), entered July 17, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that some of the challenged statements are not susceptible of a defamatory connotation (*see, James v Gannett Co.,* 40 NY2d 415, 419-420; *see also, Aronson v Wiersma,* 65 NY2d 592).

The statements contained in the third and fourth causes of action, which were published to officials at the New York and Connecticut Insurance Departments, arguably raise a claim sounding in defamation. However, those statements were subject to an absolute privilege (*see, Julien J. Studley, Inc. v Lefrak,* 50 AD2d 162, 164, *affd* 41 NY2d 881; *see also, Wiener v Weintraub,* 22 NY2d 330; *Le Sannom Bldg. Corp. v Dudek,* 177 AD2d 390). To the extent that those statements may have been published to officials or members of the defendant corporate association, those individuals shared a common interest, making such publication subject to a qualified privilege for which no sufficient showing of malice has been made (*see, Liberman v*

*Gelstein,* 80 NY2d 429, 436-437; *Stukuls v State of New York,* 42 NY2d 272, 278-279).

The court correctly dismissed the conspiracy claim (*see, Walters v Pennon Assocs.,* 188 AD2d 596; *see also, Jones v Gelles,* 125 AD2d 794, 795). It also properly determined that the remaining causes of action failed to state claims independent of the nonactionable defamation claims.

Accordingly, the complaint was properly dismissed in its entirety. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.