■ ELLIOT M. GROSS, Appellant-Respondent, v NEW YORK TIMES COMPANY et al., Respondents, and THEODORE EHRENREICH, Respondent-Appellant, et al., Defendants. [724 NYS2d 16] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 8, 1999, which granted the motion of defendants The New York Times Company, Philip Shenon, Sam Roberts, A.M. Rosenthal, and Peter Millones (the Times defendants) for summary judgment but denied the motion of defendant-respondent-appellant Estate of Theodore Ehrenreich for summary judgment, unanimously modified, on the law, to grant the motion of the Ehrenreich Estate for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-respondent-appellant dismissing the complaint. Judgment, same court and Justice, entered December 9, 1999, which pursuant to the court's prior grant of summary judgment, dismissed the complaint as against the Times defendants, unanimously affirmed, without costs.

Summary judgment was properly granted dismissing the complaint as against the Times defendants in light of the failure of plaintiff, a public figure, to raise a triable issue as to whether the complained of statements were published with actual malice. Plaintiff did not meet his "burden of presenting evidence that could demonstrate, with convincing clarity, that [the Times defendants] either knew that the statements were false or published them with a high degree of awareness that they were probably false" (see, Goldblatt v Seaman, 225 AD2d 585, 586). The evidence relied upon by plaintiff in opposing the Times defendants' summary judgment motion, much of which is purportedly probative of the Times's failure to investigate certain sources and of the circumstance that some of the Times's sources may have borne plaintiff ill will, is not probative of actual malice since it does not warrant the inference that the Times defendants entertained serious doubts about the truth of the complained of statements (see, Sweeney v Prisoners' Legal Servs., 84 NY2d 786, 793; Church of Scientology Intl. v Time Warner, 903 F Supp 637, affd 238 F3d 168; see, also, Ortiz v Valdescastilla, 102 AD2d 513). Accordingly, with respect to the Times defendants, plaintiff has not sustained his "daunting" burden (see, McFarlane v Esquire Mag., 74 F3d 1296, 1308, cert denied 519 US 809) of demonstrating that a jury could find actual malice with "convincing clarity" (see, Freeman v Johnston, 84 NY2d 52, 56, cert denied 513 US 1016).

Applying the actual malice standard with respect to plaintiff's defamation claims as against the non-media defendant, the Ehrenreich Estate (*see, Hammerhead Enters. v Brezenoff*, 551 F Supp 1360, 1369, *affd* 707 F2d 33, *cert denied* 464 US 892; *McGill v Parker*, 179 AD2d 98, 108), we find sufficient evidence that the complained of statements by the Estate's decedent were made without actual malice to warrant scrutiny of the sufficiency of plaintiff's opposition to the Estate's summary judgment motion. Such scrutiny discloses that plaintiff has failed to raise a triable issue of fact as to whether defendant Estate's decedent knew the factual statements he was making by implication were false, entertained serious doubts as to their truth, or had a high degree of awareness of their probable falsity (*see, Sweeney v Prisoners' Legal Servs.*, 84 NY2d, *supra*, at 793). Since plaintiff offered no evidence on these issues, defendant Estate is entitled to summary judgment dismissing the complaint as against it.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.