■ TIMOTHY McDONALD, Respondent, v LORETTA L. RENFORD et al., Defendants, and TRIBUNE ENTERTAINMENT Co. et

al., Appellants. [726 NYS2d 526] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendants Tribune Entertainment Co. and The Investigative News Group, Inc. dismissed. Memorandum: Supreme Court erred in failing to grant in its entirety the motion of defendants Tribune Entertainment Co. and The Investigative News Group, Inc. (collectively, the Geraldo defendants) seeking summary judgment dismissing the complaint against them. Plaintiff is a City of Buffalo police officer who alleges that he was defamed by comments concerning police brutality made by defendant Loretta L. Renford on a Geraldo Rivera Show that aired on December 4, 1996. The Geraldo defendants met their initial burden of establishing their entitlement to judgment as a matter of law by submitting evidence that they did not act with actual malice (*see, Sweeney v Prisoners' Legal Servs.*, 84 NY2d 786, 792-793). In support of his contention that a question of fact exists on that issue, plaintiff submitted evidence that the Geraldo defendants failed to perform any investigation whatsoever into Renford's claims before airing them on the show, arguing that the Geraldo defendants acted with actual malice by "purposefully avoiding" the truth (*see, Sweeney v Prisoners' Legal Servs., supra,* at 793). However, a "failure to investigate cannot amount to 'purposeful avoidance' unless it evidences an intent to avoid the truth" (*Sweeney v Prisoners' Legal Servs., supra,* at 793). In the absence of evidence that the Geraldo defendants were aware that Renford's claims were probably false, the Geraldo defendants "cannot be found to have harbored an intent to avoid the truth" (*Sweeney v Prisoners' Legal Servs., supra,* at 793). Thus, they were entitled to summary judgment dismissing the complaint against them (*see, Freeman v Johnston,* 84 NY2d 52, 57-58, *cert denied* 513 US 1016; *Gross v New York Times Co.,* 281 AD2d 299). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.