OPINION OF THE COURT
Memorandum.
Judgments unanimously affirmed without costs.
*271 The plaintiff brought two actions against two defendants based upon the allegedly libelous memorandums written by them. The court consolidated the two actions for trial purposes. The plaintiff and the two defendants all worked for the New York City Board of Education as cafeteria employees in a public school. The defendants wrote the memos to their supervisor concerning plaintiffs alleged inappropriate behavior while on the job. The memos stated that the plaintiff threatened several cafeteria employees, including one of the defendants, used profanity within earshot of students in the cafeteria and forcefully grabbed the wrist of defendant Moreno. The plaintiff appeals from the dismissal of her actions arguing that the incidents described in the memos did not occur.
The court below found the existence of a qualified privilege based upon a common interest between defendants and the person to whom the memorandums were sent. The court further found that the plaintiff failed to come forward with proof showing that the defendants acted with malice. We agree with these findings and therefore affirm.
A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (see Liberman v Gelstein, 80 NY2d 429, 437). However, the shield provided by a qualified privilege can be pierced by showing that the defendant acted with malice (see Liberman v Gelstein, supra at 437).
Once a qualified privilege is established, the burden of proof shifts to the plaintiff to show that the communication was not made in good faith but was motivated solely by malice (see Liberman v Gelstein, supra; Kamerman v Kolt, 210 AD2d 454, 455). A review of the record establishes that plaintiff failed to meet said burden. Accordingly, the actions were properly dismissed.
Pesce, P.J., Patterson and Golia, JJ., concur.