■ THOMAS MONAHAN, Appellant, and JOSEPH DUERR, Appellant-Respondent, v HAYWARD PRESSMAN, Respondent-Appellant. [755 NYS2d 634] —In an action to recover damages for defamation, the plaintiff Thomas Monahan appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), entered July 5, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted on his behalf, the plaintiff Joseph Duerr also appeals from the same order, and the defendant cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Joseph Duerr.

Ordered that the appeal by the plaintiff Joseph Duerr is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]), without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Thomas Monahan and insofar as cross-appealed from, without costs or disbursements.

The allegedly defamatory statements made by the defendant, Hayward Pressman, regarding the plaintiff Thomas Monahan fell within the scope of the so-called "common interest privilege" (*see Liberman v Gelstein,* 80 NY2d 429 [1992]; *Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 211 [1983]; *Kamerman v Kolt,* 210 AD2d 454 [1994]; *Buckley v O'Keefe,* 210 AD2d 195 [1994]; *Williams v Tritschler,* 184 AD2d 690 [1992]). Although the privilege is conditional, and can be overcome by a showing that the statements were made with common-law malice or actual malice (*see Liberman v Gelstein, supra* at 437), Monahan failed to adduce evidence to establish a triable issue of fact with respect to the assertion that the subject communications were motivated solely by spite or ill will or were made with knowledge that they were false or a reckless disregard for the truth (*see Liberman v Gelstein, supra; Kamerman v Kolt, supra; Buckley v O'Keefe, supra*). As to the plaintiff Joseph Duerr, however, we concur with the Supreme Court's determination that issues of fact were presented as to whether the defendant's statements fell within the scope of the aforementioned privilege and whether the defendant acted with malice in making the statements (*see Liberman v Gelstein, supra* at 438-439). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.