■ PETER DeRISE, Respondent, v NEIL F. KREINIK, Appellant. [780 NYS2d 773]—

In an action, inter alia, to recover damages for abuse of process and malicious prosecution, the defendant appeals, in part by permission, from an order of the Supreme Court, Queens County (Flug, J.), dated March 19, 2003, which, in effect, denied his motion to dismiss the complaint for failure to serve a notice of claim pursuant to Education Law § 3813 and, sua sponte, relieved the Corporation Counsel of the City of New York as his attorney.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a former school principal, commenced this action against the defendant Neil F. Kreinik, a district superintendent, to recover damages for abuse of process, malicious prosecution, and intentional interference with contract. The plaintiff alleged, inter alia, that the defendant wilfully and maliciously preferred unfounded and false disciplinary charges against him, thereby injuring the plaintiff's career and reputation.

Thereafter, the defendant filed a preanswer motion to dismiss the complaint on the ground that the plaintiff failed to serve a notice of claim in accordance with Education Law § 3813. The Supreme Court, in effect, denied the motion, allowed the plaintiff to proceed against the defendant and, sua sponte, relieved the Corporation Counsel of the City of New York (hereinafter the Corporation Counsel), as the defendant's attorney.

Service of a notice of claim was a condition precedent to the commencement of the action against the defendant pursuant to

Education Law § 3813 (*see Philson Painting Co. v Board of Educ. of City of N.Y.*, 133 AD2d 619 [1987]). The Supreme Court erred, in effect, in denying the motion to dismiss the complaint and in allowing the action to proceed against the defendant since the plaintiff failed to serve a notice of claim prior to commencing the action, and the conduct complained of occurred during the discharge of the defendant's duties within the scope of his employment (*see* Education Law § 3813 [2]; *Smith v Collins*, 221 AD2d 518 [1995]; *Agins v Darmstadter*, 153 AD2d 600 [1989]; *Cioffi v Giannone*, 56 AD2d 620 [1977]).

Further, the defendant was entitled to representation by the Corporation Counsel (*see* General Municipal Law § 50-k [2]) and the Supreme Court erred in sua sponte relieving the Corporation Counsel as the defendant's attorney.

The plaintiff's remaining contention is improperly raised for the first time on appeal, and we decline to address it (*see Mann v All Waste Sys.*, 293 AD2d 656 [2002]; *Chiulli v Cross Westchester Dev. Corp.*, 130 AD2d 616 [1987]). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.