◼ W.E. REST., INC., Doing Business as THE DORY, Respondent, v MARY C. WILSON, Appellant. [833 NYS2d 126]—

In an action, inter alia, to recover damages for injurious falsehood, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated July 6, 2006, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff, which owns a restaurant, commenced this action against the defendant, Mary C. Wilson, a clerk in the Town of Shelter Island Building Department, alleging that she maliciously contacted the Suffolk County Department of Health Services for the purpose of triggering a wastewater review of the plaintiff's restaurant in order to injure the plaintiff. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a notice of claim in accordance with General Municipal Law § 50-e. The Supreme Court denied the motion, finding there were questions of fact, inter alia, as to whether the defendant was acting in her capacity as a Town employee. We disagree.

The defendant established its entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to serve a notice of claim before commencing the action and the conduct complained of occurred during the discharge of Wilson's duties within the scope of her employment (*see Zwecker v Clinch*, 279 AD2d 572, 573 [2001]). In opposition, viewing the evidence in the light most favorable to the plaintiff and giving it the benefit of every favorable inference, the plaintiff failed to produce any evidence to raise a triable issue of fact as to whether Wilson was acting within the scope of her employment (*see DeRise v Kreinik*, 10 AD3d 381 [2004]; *Smith v Collins*, 221 AD2d 518 [1995]; *McCormack v Port Washington Union Free School Dist.*, 214 AD2d 546 [1995]; *Agins v Darmstadter*, 153 AD2d 600 [1989]; *Cioffi v Giannone*, 56 AD2d 620 [1977]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.