■ STEFAN BERGER, Appellant, v TEMPLE BETH-EL OF GREAT NECK et al., Respondents. [839 NYS2d 504]—

In an action to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated April 7,

2006, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that the defendants defamed him by issuing statements disclosing and explaining the termination of his membership from the defendant Temple Beth-El of Great Neck. The defendants established their prima facie entitlement to summary judgment by demonstrating that a qualified privilege applied to the challenged statements, as they were made in the discharge of a private duty and in furtherance of a common interest of a religious organization (*see Sieger v Union of Orthodox Rabbis of U.S. & Can.*, 1 AD3d 180, 182 [2003]; *Kamerman v Kolt*, 210 AD2d 454, 455 [1994]; *Matter of Kantor v Pavelchak*, 134 AD2d 352, 353 [1987]; *cf. Mihlovan v Grozavu*, 72 NY2d 506, 509 [1988]).

In opposition, the plaintiff failed to raise an issue of fact to defeat the qualified privilege. He failed to raise an issue of fact as to whether the challenged statements were excessively published, as the recipients all shared a common interest (*see Stukuls v State of New York*, 42 NY2d 272, 281 [1977]; *Skarren v Household Fin. Corp.*, 296 AD2d 488, 489-490 [2002]; *Anas v Brown*, 269 AD2d 761, 763 [2000]; *cf. Rosen v Piluso*, 235 AD2d 412 [1997]). The plaintiff also failed to raise an issue of fact as to whether the challenged statements were so extravagant and vituperative that an inference of malice may be made (*see Blackman v Stagno*, 35 AD3d 776, 778 [2006]; *cf. Misek-Falkoff v Keller*, 153 AD2d 841, 842 [1989]), or whether the defendants went beyond what was necessary to convey the message concerning the common interest (*cf. Vacca v General Elec. Credit Corp.*, 88 AD2d 740, 741 [1982]).

Finally, the plaintiff failed to raise an issue of fact as to whether the statements were made with a high degree of awareness of their probable falsity to establish malice (*see Hoyt v Kaplan*, 283 AD2d 918 [1999]; *Feldschuh v State of New York*, 240 AD2d 914, 916 [1997]; *Goldblatt v Seaman*, 225 AD2d 585, 586 [1996]). The plaintiff's conclusory allegations of malice are insufficient to defeat the claim of qualified privilege (*see Golden v Stiso*, 279 AD2d 607, 608 [2001]; *Kamerman v Kolt, supra*). Further, even if the plaintiff could prove that the defendants did not investigate the truth of the statements, this alone was not sufficient to raise a triable issue as to malice (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 793 [1995]; *Hoesten v Best*, 34 AD3d 143, 157 [2006]; *Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 890 [1999]). Accordingly, the Supreme

Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.