■ CAROL DeNARO et al., Respondents-Appellants, v STEPHANIE ROSALIA et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent. [873 NYS2d 697]—

In an action, inter alia, to recover damages for defamation, (1) the defendants Stephanie Rosalia and Salvatore Lipari appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered December 20, 2007, as denied, in part, that branch of their motion which was for summary judgment dismissing the first cause of action to recover damages for defamation insofar as asserted against them, and denied that branch of their motion which was for summary judgment dismissing the fourth cause of action to recover damages for prima facie tort insofar as asserted against them, (2) the defendant Ralph Perfetto separately appeals, as limited by his brief, from so much of the same order as denied, in part, those branches of his motion, made jointly with the defendant City of New York, which were pursuant to CPLR 3211 to dismiss or, in the alternative, for summary judgment dismissing the first cause of action to recover damages for defamation insofar as asserted against him, and denied those branches of that motion which were pursuant to CPLR 3211 to dismiss or, in the alternative, for summary judgment dismissing the fourth cause of action to recover damages for prima facie tort insofar as asserted against him, and (3) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant City of New York, made jointly with the defendant Ralph Perfetto, which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Stephanie Rosalia and Salvatore Lipari which were for sum-

mary judgment dismissing the first cause of action to recover damages for defamation insofar as asserted against them, and the fourth cause of action to recover damages for prima facie tort insofar as asserted against them, and those branches of the motion of the defendant Ralph Perfetto, made jointly with the defendant City of New York, which were pursuant to CPLR 3211 to dismiss the first cause of action to recover damages for defamation insofar as asserted against him, and the fourth cause of action to recover damages for prima facie tort insofar as asserted against him, are granted in their entirety, and those branches of the motion which were for summary judgment dismissing those causes of action insofar as asserted against him are otherwise denied as academic; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents appearing separately and filing separate briefs.

These appeals arise from a dispute between the plaintiffs and their neighbors, the defendants Stephanie Rosalia and Salvatore Lipari. The plaintiffs allege that in October 2004, Rosalia contacted the defendant Ralph Perfetto, an employee of the Office of the Public Advocate for the City of New York, and falsely alleged that the plaintiffs had violated several local ordinances or laws. After meeting with the plaintiffs on December 22, 2004, Perfetto sent five letters to various New York City agencies requesting an investigation of those allegations. The plaintiffs claim that those letters were defamatory. After serving a notice of claim dated May 26, 2005, the plaintiffs commenced this action. The first four causes of action, asserted against all of the defendants, are to recover damages for defamation, prima facie tort, intentional infliction of emotional distress, and injurious falsehood.

Rosalia and Lipari moved, inter alia, for summary judgment dismissing the first four causes of action insofar as asserted against them. Perfetto and City of New York moved to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied, in part, those branches of the defendants' motions which were for summary judgment dismissing the first cause of action to recover damages for defamation insofar as asserted against Rosalia, Lipari, and Perfetto, and denied those branches of their motions which were for summary judgment dismissing the fourth cause of action to recover damages for prima facie tort insofar as asserted

against those three defendants, holding, inter alia, that the evidence raised triable issues of fact as to whether they could be held liable for defamation and prima facie tort. The Supreme Court granted that branch of the City's motion, made jointly with Perfetto, which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it.

The Supreme Court properly granted that branch of the City's motion, made jointly with Perfetto, which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it based on the plaintiffs' failure to serve a timely notice of claim (see General Municipal Law § 50-e [1] [a]). The plaintiffs' argument that there was evidence that the defendants subsequently republished the letters was not raised before the Supreme Court and is not properly before this Court (see Edme v Tanenbaum, 50 AD3d 624 [2008]; Matter of Mercury Ins. Group v Ocana, 46 AD3d 561 [2007]).

The plaintiffs were required to serve a timely notice of claim upon the City in connection with their claims against Perfetto, since Perfetto made the allegedly defamatory statements while acting in the discharge of his duties within the scope of his employment with the Office of the Public Advocate for the City of New York (see W.E. Rest., Inc. v Wilson, 38 AD3d 762 [2007]; DeRise v Kreinik, 10 AD3d 381, 382 [2004]; Smith v Collins, 221 AD2d 518, 519 [1995]; Agins v Darmstadter, 153 AD2d 600, 601 [1989]). Accordingly, the Supreme Court should have granted those branches of Perfetto's motion, made jointly with the City, which were pursuant to CPLR 3211 to dismiss the first cause of action to recover damages for defamation insofar as asserted against him, and the fourth cause of action to recover damages for prima facie tort insofar as asserted against him, in its entirety.

The Supreme Court should have awarded summary judgment to Rosalia and Lipari dismissing the first cause of action to recover damages for defamation in its entirety. Those defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that a qualified privilege applied to the challenged statements (see Liberman v Gelstein, 80 NY2d 429, 437-438 [1992]; Stukuls v State of New York, 42 NY2d 272, 279-280 [1977]; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496, 497 [2004]; Cohen-Putnam Agency v Professional Show Managers' Assn., 253 AD2d 511 [1998]). In opposition to that prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether Rosalia and Lipari exceeded the scope of that privilege (see Berger v Temple Beth-El of Great Neck, 41 AD3d 626 [2007]; Anas v Brown, 269 AD2d 761 [2000]), or as to

whether they acted based solely on spite or ill will or with reckless disregard for the truth (*see Liberman v Gelstein*, 80 NY2d at 437-438). In this regard, any evidence regarding the failure of Rosalia and Lipari to investigate the truth of the statements does not raise a triable issue of fact as to whether they acted with reckless disregard for the truth (*see Berger v Temple Beth-El of Great Neck*, 41 AD3d at 627; *Hoyt v Kaplan*, 263 AD2d 918, 920 [1999]).

The Supreme Court also should have granted those branches of the motion of Rosalia and Lipari which were for summary judgment dismissing the fourth cause of action to recover damages for prima facie tort insofar as asserted against them. " '[P]rima facie tort should not become a "catch-all" alternative for every cause of action which cannot stand on its own legs' " (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985], quoting *Belsky v Lowenthal*, 62 AD2d 319, 323 [1978], *affd* 47 NY2d 820 [1979]). In order to sustain a cause of action alleging prima facie tort, the plaintiff must submit evidence that, inter alia, "disinterested malevolence to injure plaintiff constitutes the sole motivation for defendant's otherwise lawful act" (*Molinoff v Sassower*, 99 AD2d 528, 529 [1984] [internal quotation marks omitted]). "This means that 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another' " (*id.*, quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]). Here, Rosalia and Lipari established, prima facie, that the allegedly defamatory acts were committed at least partly in furtherance of legitimate motives. In response, the plaintiffs failed to raise a triable issue of fact as to whether the actions of those defendants were motivated solely by disinterested malevolence. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.