C. Thomas Sassaman, Appellant, v Michele Brant, Respondent. [895 NYS2d 526]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), entered November 19, 2008, which, upon the granting of the defendant's motion pursuant to CPLR 4401-a for judgment as a matter of law, made at the close of the plaintiff's case, directed dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

In January 2003 the plaintiff and the defendant were hired by the Republican Commissioner of the Dutchess County Board

of Elections (hereinafter the Commissioner) to work, respectively, as election administrator and election specialist. The parties were friendly at the work place, taking smoking and lunch breaks together. Following a mishap regarding the printing of ballots, the Commissioner informed the plaintiff that he and the defendant would be exchanging positions, effective January 1, 2005. The change resulted in a $5,100 yearly salary decrease to the plaintiff.

By March 2005 the defendant had complained to the Commissioner a number of times about the plaintiff's inappropriate conduct toward her. At the Commissioner's request, the defendant submitted a written statement to him which indicated, inter alia, that the plaintiff's conduct and verbal requests to take their relationship "to the next level" were extremely discomforting. However, after the plaintiff discussed the defendant's allegations in that statement with two detectives from the local sheriff's office, no criminal charges were filed.

Shortly after the detectives interviewed the plaintiff, the Commissioner gave the plaintiff the choice of resigning or being terminated. The plaintiff resigned, effective April 1, 2006.

The plaintiff then commenced this action to recover, inter alia, $32,000 in lost wages and related benefits and, in an amended complaint, alleged, among other things, that the defendant defamed him in the statement submitted by her to the Commissioner. After the Supreme Court denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging defamation, the matter proceeded to trial.

At the close of the plaintiff's case, the Supreme Court granted the defendant's motion pursuant to CPLR 4401-a for judgment as a matter of law based on the plaintiff's failure to establish a prima facie case. We affirm.

The parties agree that the assertions contained in the statement submitted by the defendant to the Commissioner were subject to a qualified privilege, since the assertions were made in the course of the defendant's employment in a matter which concerned her interests (*see Toker v Pollak*, 44 NY2d 211, 219 [1978]). To overcome the privilege, the plaintiff was required to establish that the defendant submitted the statements with malice (*see Liberman v Gelstein*, 80 NY2d 429, 437-438 [1992]). Contrary to the plaintiff's contention, based on the proof offered by the plaintiff, a jury could not have found that the plaintiff established the element of malice by any rational process (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *cf. Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 61-64

[1959]; *Berger v Temple Beth-El of Great Neck*, 41 AD3d 626 [2007]; *Present v Avon Prods.*, 253 AD2d 183, 187 [1999]; *Gold v East Ramapo Cent. School Dist.*, 115 AD2d 636 [1985]).

To the extent that the Supreme Court improperly precluded testimony on the ground of hearsay in two instances (*see Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown*, 34 NY2d 318, 323 [1974]; *Barone v Guthy*, 295 AD2d 460 [2002]), such errors did not prejudice the plaintiff and did not require reversal.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.