SCHOOLMAN TRANSPORTATION SYSTEM, INC., Doing Business as CLASSIC COACH, Appellant, v LEONARD AUBREY, Respondent. [931 NYS2d 265]—

In August 2007, the plaintiff, Schoolman Transportation System, Inc., doing business as Classic Coach (hereinafter Classic Coach), and nonparty New York Institute of Technology (hereinafter NYIT) contracted to have Classic Coach provide transportation services to NYIT. By letter dated May 29, 2009, and authored by the defendant, Leonard Aubrey, Vice President for Financial Affairs of NYIT and its chief financial officer and treasurer, NYIT unilaterally terminated the contract. The plaintiff commenced this action, inter alia, to recover damages for defamation against the defendant, individually. The complaint alleged that, in the defendant's letter, the defendant defamed Classic Coach by falsely stating that Classic Coach engaged in "egregious overbilling practices," publishing those statements to third parties, and causing damage to Classic Coach's business reputation.

In lieu of an answer, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), arguing, among other things, that Classic Coach could not maintain the action against him individually. The Supreme Court granted the motion. We affirm.

No cause of action for defamation will lie against an individual for statements made in the scope of his or her employment unless it is also alleged that said defendant "engaged in a willful course of malicious conduct designed to defame . . . through conduct intimately related to the discharge of [his or her employment] duties" (*McCormack v Port Washington Union*

*Free School Dist.*, 214 AD2d 546, 547 [1995]; *see Agins v Darmstadter*, 153 AD2d 600 [1989]). Here, a fair reading of the complaint reveals that it only alleges that the defendant made the subject remarks in his official capacity. In addition, there is no allegation that the defendant engaged in a willful course of malicious conduct. Accordingly, the complaint fails to state a cause of action alleging defamation against the defendant (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Mendez v City of New York*, 259 AD2d 441, 442 [1999]). Thus, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Classic Coach's remaining contentions are without merit. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.