In two related actions for certain declaratory and injunctive relief, which were joined for trial, (1) the defendants in action No. 1 appeal, as limited by the joint brief, from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), entered June 14, 2011, as granted the plaintiffs’ motion for summary judgment on the *903 complaint and dismissing the defendants’ affirmative defenses, and, thereupon, permanently enjoined the defendants from denying or obstructing existing access to a certain park, unless and until explicit and specific approval is obtained from the State Legislature, directed the defendants to remove from a certain portion of the subject park all materials, equipment, and physical alterations, including buildings and other structures, under the control of the defendant Village of Kings Point, and directed the defendants to pay the plaintiffs’ reasonable attorney’s fees and other expenses in an amount to be determined, and (2) the defendant in action No. 2 jointly appeals, as limited by the joint brief, from so much of the same order and interlocutory judgment as granted the plaintiffs motion for summary judgment on the complaint and certain related declaratory and injunctive relief, and, thereupon, permanently enjoined the defendant from denying or obstructing existing access to the subject park, unless and until explicit and specific approval is obtained from the State Legislature, and directed the defendant to remove from a certain portion of the subject park all materials, equipment, and physical alterations, including buildings and other structures, under the control of the defendant.
Ordered that the order and interlocutory judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the defendants in action No. 1 to pay the plaintiffs’ reasonable attorney’s fees and other expenses in that action in an amount to be determined; as so modified, the order and interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.
In the order and interlocutory judgment appealed from, the Supreme Court failed to state the basis for its award of reasonable attorney’s fees to the plaintiffs in action No. 1 (see e.g. 22 NYCRR 130-1.2). However, the only ground of which the defendants in action No. 1 were given notice in the plaintiffs’ motion papers and an opportunity to be heard (see Matter of Gordon v Marrone, 202 AD2d 104, 111 [1994]; Pace v Perk, 81 AD2d 444, 456-457 [1981]; cf. Matter ofKantor v Pavelchak, 134 AD2d 352, 352 [1987]), and thus the only potentially proper ground for the award under the circumstances (see 22 NYCRR 130-1.1 [d]), was that certain conduct on their part was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1). Contrary to the plaintiffs’ contention, the subject conduct of the defendants was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) (see South Point, Inc. v Redman, 94 AD3d 1086, 1087 [2012]; Finkelman v SBRE, LLC, 71 AD3d 1081, 1082 [2010]). Accordingly, an award of reasonable attorney’s fees was not warranted.
*904 Contrary to the contention of the defendants in both actions, the challenged decretal provisions of the order and interlocutory judgment were not beyond the scope of the relief requested in the respective complaints (see CPLR 3017 [a]) and/or otherwise overly broad (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630, 632 [2001]; Williams v Gallatin, 229 NY 248, 253-254 [1920]). Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.