Winklevoss v Steinberg (2019 NY Slip Op 02419)





Winklevoss v Steinberg


2019 NY Slip Op 02419


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8820 159079/17

[*1]Cameron Winklevoss, etc., et al., Plaintiffs-Appellants,
v
Todd Steinberg, an individual, Defendant-Respondent.


Harwood Law PLLC, New York (Anthony J. Harwood of counsel), for appellants.
Wechsler & Cohen, LLP, New York (Kim Lauren Michael of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered September 19, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the defamation claim, unanimously affirmed, with costs.
Plaintiffs seek relief for alleged defamation related to a stock purchase deal where they were to purchase defendant's shares in a startup company in the medical cannabis industry. When they withdrew, defendant commenced suit in Delaware Chancery Court seeking, inter alia, specific performance of the alleged agreement; shortly thereafter defendant was quoted in a New York Post article, among other places, allegedly making false statements defaming plaintiffs. Subsequently, defendant voluntarily withdrew his lawsuit, prior to any determination as to the merits, when he was able to sell the shares to another purchaser.
Plaintiffs are limited purpose public figures. Through their voluntary participation in numerous interviews, in widely-covered conferences and meetings with entrepreneurs, and in their own radio broadcasts, they have attracted public attention to themselves as investors in start-ups, have voluntarily injected themselves into the world of investing, and have sought to establish their reputation as authorities in the field (see Perez v Violence Intervention Program, 116 AD3d 601 [1st Dept 2014], lv denied 25 NY3d 915 [2015]; Farber v Jeffreys, 103 AD3d 514 [1st Dept 2013], lv denied 21 NY3d 858 [2013]). The individual plaintiffs are also general purpose public figures, famous by virtue of their participation in the Olympics, their portrayal in the film "The Social Network," and routine coverage in popular media, coverage in which they willingly participate (see Gertz v Welch, Inc., 418 US 323, 342 [1974]).
Accordingly, to withstand dismissal of their defamation claim, plaintiffs needed to allege that defendant published the statements at issue with actual malice, that is, with either knowledge that they were false, or reckless disregard for the
truth (Huggins v Moore, 94 NY2d 296 [1999]; James v Gannett Co., 40 NY2d 415 [1976]); Farber v Jeffreys, 103 AD3d at 515; Gross v New York Times Co., 281 AD2d 299 [1st Dept 2001], lv denied 96 NY2d 716 [2001]). Inasmuch as they failed to do so as a matter of law, their defamation claim was properly dismissed.
We have considered plaintiffs' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK