Peter A. Quinn, J.
This is a motion by plaintiff to strike the complete and partial defenses set up in the joint amended answer of two of four defendants in an action for libel. The two defendants with whose joint answer we are thus concerned *238 are the New York Times Company {Times) and Interstate Broadcasting Co., Inc. (Interstate).
The plaintiff’s motion made under subdivision 6 of rule 109 of the Buies of Civil Practice is addressed to the legal sufficiency of the defenses. The defendants, relying upon the provisions of that rule, raise the question of the sufficiency of the complaint to allege facts sufficient to constitute the four causes of action asserted against Times and Interstate and contend that the complaint as against them should be dismissed.
The first cause of action, against Times only, alleges the false and malicious publication of a defamatory newspaper account of plaintiff’s conduct as an attorney employed in the public service. The remaining three causes of action against both defendants allege the radio broadcasting of three abbreviated versions in successively diminishing details of the offending Times article.
The defendants, for three both complete and partial defenses, plead truth, fair comment and fair report of an official proceeding, The fourth partial defense of reliance on trustworthy sources is abandoned by the defendants on this motion as concededly insufficient and need be considered no further.
The most abbreviated version of the alleged libel is found in the last radio broadcast by Interstate which it is claimed ran as follows: “ In New York City, two lawyers who have been particularly zealous in prosecuting slum landlords have been relieved of their assignments by their immediate superior (naming plaintiff) who’s also a captain in a Bronx Democratic Club. Times reporter Edith Asbury has identified the two lawyers ”, etc.
In a strictly literal sense, it cannot be said that the foregoing statements standing alone are libelous. But taking them in the sense in which the listening public, acquainted with the parties and the subject matter, would take them and supplying by innuendo the inference which the natural, irrepressible, subconscious tendency of the human mind to search for the relation of cause to effect, would logically attach to them, there is posed this question: Would they tend to induce an unsavory opinion of the plaintiff in the minds of a substantial number in the community even though they may impute no moral turpitude to her! Would they tend to disparage the plaintiff in the way of her office or profession! (See Tracy v. Newsday, Inc., 5 N Y 2d 134, 135-136.)
The effect, advertised here as newsworthy, is the removal of two lawyers from their posts of duty in waging war on a prevalent form of antisocial oppression. This effect is not directly *239 ascribed to any cause. But the description of the plaintiff as ‘1 a captain in a Bronx Democratic Club ’ ’, if it has any relevancy at all, can likely be as a suggested cause. The vice in these statements then is the logical tendency of listeners even subconsciously to seek to reconcile an otherwise meaningless non sequitur with the precedent statements in its context and thus fall prey to the suggestion that there is definite relevancy in the description of plaintiff in terms of her political affiliations and that that relevancy is as cause to effect.
Had the broadcast falsely declared directly that partisan political affiliations or considerations alone had motived plaintiff as a public officer in removing two subordinates from their posts of duty because they were waging too vigorous a war on crime, it is the opinion of this court that the words would have been libelous; they would have disparaged plaintiff with an imputation of misconduct in office tending to show her as an official unworthy of public trust and a betrayer of civic confidence. To achieve this same result by sly indirection and by what amounts to eye-winking implication, is no less cognizable as defamation. The innuendo to this effect pleaded in the complaint cannot be rejected as strained, unreasonable and unjustified (see Mencher v. Chesley, 297 N. Y. 94, 99-100).
If the starkest abbreviation of the statements attributed to Times and Interstate as republished in the third radio broadcast and elucidated by allowable innuendo presents a question of fact as to their libelous character, then certainly the two earlier broadcasts and the printed article which are amplifications in rising degree dressed out in more detail, are equally actionable.
The complete and partial defenses of truth or justification are sufficient under the rule that ‘ ‘ A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced” (Fleckenstein v. Friedman, 266 N. Y. 19, 23). A jury could find that the justifying facts as pleaded are so close to the facts as published that no actionable harm has been done. It cannot be said as a matter of law that the alleged truth is so disparate from the matter of the alleged libel as to foreclose the possibility of reasonably reconciling them as substantially consistent. This is especially true if a jury should decline to accept the innuendo upon which plaintiff relies and which defendants deny.
The defendants’ pleaded contention that the alleged libelous statements constituted fair comment is tenable as a defense since it raises a question of fact as to each of the four elements recognized as essential in Foley v. Press Pub. Co. (226 App. *240 Div. 535, 544) i.e., the answer sufficiently alleges that the statements complained of are (1) a comment, (2) based on facts truly stated, (3) free from imputation of corrupt or dishonorable motives on the part of plaintiff, save insofar as such imputations are warranted by the facts truly stated, and (4) the honest expression of the writer’s real opinion. Since the imputation of corrupt or dishonorable motives depends entirely on innuendo, the defendants’ denials of the validity of such innuendo taken together with the affirmative allegations in paragraph 29 of their answer are good and sufficient as a defense.
The defense of fair report of an official proceeding however, is inapt. Not only because it requires torturing the word “ proceeding ” far beyond its ordinary meaning to make it include a single administrative act; nor because the fair intendment of the statute is to embrace, inter alia, official proceedings which are quasi-legislative or judicial, i.e., other than a judicial or legislative proceeding but of a like nature-, but because the purpose of the statute is to protect absolutely from liability for libel one who, without concerning himself in the slightest with the truth of defamatory statements made of or concerning another in the course of an official proceeding, publishes a fair report of that proceeding including the libelous matter. The effect of this defense is as though the one pleading it had said: ‘ ‘ This statement of which the plaintiff complains was not originated by me, it was first made or uttered in the course of an official proceeding and I am merely repeating or republishing what was said or done about this plaintiff by another in the process of an official debate, inquiry, investigation, hearing, trial, or similar operation ”.
In order for this defense to be available to defendants it requires more than the mere assertion of the words of the statute. It requires a specification of the particular proceeding in which the words or act affecting the plaintiff occurred. (Kelley v. Hearst Corp., 2 A D 2d 480, 483.) It is obvious from the face of the pleadings that no claim is made, for instance, that the Corporation Counsel or any other official or body having-jurisdiction of such matters, upon inquiring into the conduct of the plaintiff in the discharge of her duties as an assistant in charge of housing violations, said or discovered or brought out that she had relieved of their assignments two particularly zealous prosecutors of slum landlords and that she is also a captain in a Bronx Democratic club. For the defense of fair report of an official proceeding to stand it would have to be couchable in some such terms. Since palpably the alleged libel “ 1 shows on its face that it is not a report of any public *241 [official] proceeding’s, but purports to be the publisher’s own statements and comments, a defense of privilege is unavailable’ ”. (Kelley v. Hearst Corp., supra, p. 483, quoting Vosburg v. Utica Daily Press Co., 105 Misc. 134, 139.)
It has been the mores of this jurisdiction since the Colonial times of the celebrated John Peter Zenger that fair report, comment and criticism of the official acts of those in the public service may be made with impunity under the now familiar principle of freedom of the press; and it needs no special grant of privilege to protect from civil liability or criminal penalty those who freely advertise in fair truth the doings of officialdom. Traditionally, however, though members of legislative bodies, in their debates, and participants in lawsuits on trial could not be called to answer elsewhere for statements however false and vicious made by them in the course of such proceedings, yet those reporting even verbatim and however unwittingly the very same proceeding’s did not enjoy any such protection. It was to afford that same equal privilege to the faithful reporter as was traditionally accorded to the reckless utterer of otherwise defamatory matter under the cloak of legislative and judicial or quasi-legislative or judicial privilege that section 337 of the Civil Practice Act was enacted. That is its history and the light in which this court understands it is to be interpreted and applied. (See Seelman, New York Law of Libel and Slander, par. 209.)
The plaintiff’s motion to strike the complete and partial defenses of the defendants Times and Interstate is denied except as to the third complete and partial and the fourth partial affirmative defenses which are struck, with leave to defendants to amend their answer to replead the fourth partial affirmative defense of reliance on trustworthy sources, if they be so advised, within 30 days after service of a copy of the order herein with notice of entry. The defendants ’ motion to dismiss the complaint, deemed made under the provisions of subdivision 6 of rule 109 of the Buies of Civil Practice, is denied.