■ ATN MARTS, INC., Doing Business as K & K FOOD MARTS, et al., Appellants, v SUSAN IRELAND et al., Respondents. [600 NYS2d 590] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly determined that defendant Ireland was entitled to summary judgment dismissing this defamation action against her. Statements made by an elected official on a matter of public concern in which she has an interest are protected by a conditional or qualified privilege *(see, Matter of Gleich v Kissinger,* 111 AD2d 130; *Parker Co. v Silver City Crystal Co.,* 142 Conn 605, 615-616, 116 A2d 440, 445; *see generally,* Prosser and Keeton, Torts § 115 [5th ed]). Ireland's statements concerning the exchange of Town land for a contiguous parcel of privately owned land that might have been contaminated by gasoline leaking from an underground storage tank constituted a matter of public interest. Because Ireland was a member of the Town Board and a candidate for re-election, Supreme Court properly determined that her alleged defamatory statement came within those categories of statements accorded a qualified privilege. The alleged defamatory statements by defendant Wexler, a candidate for Town Supervisor, on that same subject were also protected by a qualified privilege *(see, Pulvermann v Abell Co.,* 131 F Supp 617, *affd* 228 F2d 797; *Parker Co. v Silver City Crystal Co., supra).*

A qualified privilege may be defeated, however, by proof that the statements were made in malice, either under the constitutional or common-law malice standard *(Liberman v Gelstein,* 80 NY2d 429, 438). Plaintiffs have the burden of proving constitutional malice by clear and convincing proof *(see, Anderson v Liberty Lobby,* 477 US 242, 255-256; *Rinaldi v Viking Penguin,* 52 NY2d 422, 436). In opposition to this motion, plaintiffs failed to present evidentiary facts which, viewed in the light most favorable to plaintiffs, are such that a reasonable jury might find that Ireland made the alleged defamatory statement with a high degree of awareness of

probable falsity *(see, Liberman v Gelstein, supra,* at 438-439; *cf., Anderson v Liberty Lobby, supra,* at 254-255). Evidence that the statement was false is insufficient for an inference that Ireland was aware that it was false or that she made the statement with reckless disregard for its truth or falsity *(see, Stukuls v State of New York,* 42 NY2d 272, 279; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 61). The assertion that Ireland might have made the statement to discredit Republican opponents and obtain political advantage does not establish malice. The statement was within the scope of the privilege, and the evidentiary facts proffered by plaintiffs do not warrant an inference that Ireland intended harm to plaintiffs or that she was motivated by spite or ill will *(see, Liberman v Gelstein, supra,* at 439).

We reject plaintiffs' contention that it was improper for the court to grant summary judgment. Summary judgment may be granted on an unpleaded defense *(see, Olean Urban Renewal Agency v Herman,* 101 AD2d 712, 713). Ireland's answer raised the affirmative defenses of absolute immunity and absolute privilege, and set forth facts that may also serve as a basis for the defense of qualified privilege. Plaintiffs were neither surprised nor prejudiced by Ireland's assertion of the defense of qualified privilege in her moving papers.

Supreme Court did not abuse its discretion in permitting Wexler to amend his answer to assert the defense of qualified privilege. Leave to amend a pleading should be granted upon such terms as may be just (CPLR 3025 [b]). In permitting the amendment, the court also reserved decision on Wexler's summary judgment motion, allowing plaintiffs to submit further affidavits in opposition to the motion and to seek further discovery for opposition to the motion. It was not improper for the court to reserve decision on Wexler's summary judgment motion. Although the evidentiary facts do not support an inference that Wexler acted from spite or ill will, it is apparent that Wexler did not have the same factual basis and did not conduct the same investigation of the underlying facts as Ireland. The submission of further evidentiary material on the scope of Wexler's knowledge and factual inquiry is warranted because neither the parties nor Supreme Court focused on the constitutional standard for malice, i.e., a high degree of awareness of probable falsity *(see, Liberman v Gelstein, supra,* at 438) as a ground for overcoming the defense of qualified privilege. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.