■ ALEXANDRA COCLIN, Respondent, v LANE PRESS, INC., et al., Appellants, et al., Defendants. [620 NYS2d 41] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered March 9, 1994, denying defendants-appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Contrary to the IAS Court's ruling, Lane's sending of the allegedly libelous minutes of the February 8, 1990 special meeting of its board of directors in response to the February 1992 request of plaintiff's employer, The American Institute of Certified Public Accountants (AICPA), was cloaked with a qualified privilege. " ' "A communication made *bona fide* upon any subject matter in which the party communicating has an *interest,* or in reference to which he has a *duty,* is privileged if made to a person having a corresponding *interest* or *duty,* although it contained criminating matter which, without this privilege, would be slanderous and actionable; and this though the duty be not a legal one, but only a moral or social duty of imperfect obligation" ' " *(Shapiro v Health*

*Ins. Plan,* 7 NY2d 56, 60, quoting *Byam v Collins,* 111 NY 143, 150, quoting *Harrison v Bush,* 5 El & B [QB] 344; *see also, Liberman v Gelstein,* 80 NY2d 429). Here, the Lane defendants' communication to AICPA fell within the parameters of the "common interest" qualified privilege denoted in *Shapiro (supra).* The subject was clearly of mutual interest and concern between AICPA and Lane *(see, Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375, *affd* 37 NY2d 824).

However, questions regarding the timing of and motive underlying the complained of communication present triable issues of fact as to whether such communication was made with malice. We have considered appellants' other points and find them unpersuasive. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.