■ Jonathan C. Hoyt et al., Appellants, v David B. Kaplan et al., Respondents. [694 NYS2d 227] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 20, 1998 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jonathan C. Hoyt (hereinafter plaintiff) and defendant David B. Kaplan (hereinafter defendant) are both licensed real estate brokers and members of the Multiple Listing Service of Ulster County (hereinafter the MLS). Plaintiff is the president of plaintiff Jon Hoyt Realty, Ltd. (hereinafter Hoyt Realty) and defendant is the general manager of defendant DDG Properties Corporation, using the assumed name of RE/MAX Realty Services (hereinafter RE/MAX). In the fall of 1997, both defendant and plaintiff became candidates for the office of president of the MLS. In connection therewith, defendant made certain written and oral statements about plaintiff to the MLS Board of Directors and its members indicating that plaintiff had violated MLS rules. In particular, in a letter dated October 7, 1997 to the MLS Board of Directors, defendant related that in July 1997 a RE/MAX agent had received a purchase offer on an MLS listing from an agent named Robin Danziger, who was not an MLS member, on behalf of Hoyt Realty. The offer was accompanied by a letter on Hoyt Realty letterhead as well as a deposit check made out to Hoyt Realty. Defendant stated that he contacted plaintiff who indicated that Danziger was not associated with his office. Defendant further stated that when he contacted Danziger to inquire about the offer, Danziger told him that plaintiff had allowed him to use his MLS lock box key to gain access to the house and that plaintiff made it a practice to allow other non-MLS brokers to use his key. Subsequently, at a preelection meeting before the MLS membership on October 23, 1997, defendant represented that plaintiff allowed non-MLS members use of his lock box key to show properties

and further allowed nonmembers to present offers on MLS properties using Hoyt Realty purchase offers.

Following joinder of issue in this action for defamation, defendants moved for summary judgment dismissing the complaint. Among the papers submitted in opposition to the motion was an affidavit by Danziger in which he admitted that he created Hoyt Realty letterhead on his computer without plaintiff's authorization. He further indicated that he did not use plaintiff's lock box key to gain access to MLS properties, but used a key he obtained while a MLS member which he reported as lost. Upon finding that defendant's remarks were protected by qualified privilege and there was no evidence of malice, Supreme Court granted defendants' motion and dismissed the complaint. This appeal ensued.

Initially, we note that communications which are defamatory in nature may be protected by a qualified "common interest" privilege which "arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Grier v Johnson*, 232 AD2d 846, 847; *see, Coclin v Lane Press*, 210 AD2d 98; *Misek-Falkoff v Keller*, 153 AD2d 841, 842). "In order to overcome the qualified privilege, a plaintiff must demonstrate by tender of proof in evidentiary form that a defendant acted with malice" (*Grier v Johnson, supra,* at 848; *see, ATN Marts v Ireland*, 195 AD2d 959; *Licitra v Faraldo*, 130 AD2d 555). This, in turn, requires "a showing that the statements were made with a high degree of awareness of their probable falsity (the constitutional standard of malice) or that malice was the one and only cause for the publication (the common-law standard)" (*Feldschuh v State of New York*, 240 AD2d 914, 916; *see, Liberman v Gelstein*, 80 NY2d 429, 438-439). In regard to the latter, malice may be inferred where the statements go beyond those necessary for the purpose of the privileged communication or are gratuitously extravagant or vituperative (*see, Feldschuh v State of New York, supra,* at 916; *Misek-Falkoff v Keller, supra,* at 842).

In the case at hand, there does not appear to be a dispute that a qualified privilege existed and, therefore, defendant's statements are protected. The key issue is whether plaintiff submitted proof in evidentiary form sufficient to raise a question of fact that the statements were made with malice. Plaintiff has put forth no direct evidence that defendant was aware that the remarks were false at the time he made them. Although he argues that defendant could have discovered the

falsity if he had adequately investigated Danziger's claims or closely examined the letterhead of the purchase offer, those assertions do not establish that defendant acted with reckless disregard for the truth under the circumstances presented (see, Sanderson v Bellevue Maternity Hosp., 259 AD2d 888, 890; see also, Sweeney v Prisoners' Legal Servs., 84 NY2d 786, 793). Furthermore, notwithstanding the fact that the statements were made three months after the incident with Danziger, malice cannot be inferred given the absence of evidence demonstrating that the statements were so extravagant or vituperative as to indicate that they were motivated solely by ill will (see, Liberman v Gelstein, supra, at 439; Feldschuh v State of New York, supra, at 916). Therefore, Supreme Court properly granted defendants' motion. Plaintiffs' remaining contentions are either unnecessary to address in view of our disposition or are without merit.

Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.