■ ALEX ANAS et al., Appellants, v MURRAY BROWN et al., Respondents, et al., Defendants. [702 NYS2d 732] —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order granting the motion of Murray Brown,

Winston Chang, Michael Gort, Nagesh Revankar and Paul Zarembka (defendants) for summary judgment dismissing the complaint against them. The complaint alleges that defendants defamed Alex Anas (plaintiff), former Chair of the Department of Economics (Department) at SUNY Buffalo by circulating to the faculty of Social Sciences (FSS) a memorandum critical of plaintiff's leadership of the Department and of the Dean of Social Sciences' response to their complaints about plaintiff. That memorandum was distributed after defendants had proposed an amendment to the FSS bylaws that would direct the Dean to recommend to the Provost immediate removal of a department chair in the event of a two-thirds majority vote of no confidence by the department faculty. The entire Department had voted no confidence in plaintiff one month before the proposal and memorandum, but the Dean had stated that their vote carried "no weight" with him. In support of the motion, defendants contended that the common interest qualified privilege applies to the memorandum and that its contents constitute nonactionable opinions.

On appeal, plaintiffs contend that the common interest qualified privilege is inapplicable to the memorandum because the membership of the FSS had no power to deal with defendants' grievances against plaintiff and that there are issues of fact whether defendants acted with malice. We conclude, however, that the common interest qualified privilege applies and that there are no issues of fact to preclude summary judgment.

" 'A communication made *bona fide* upon any subject matter in which the party communicating has an *interest,* or in reference to which he has a *duty,* is privileged, if made to a person having a corresponding *interest* or *duty,* although it contained criminating matter which, without this privilege, would be slanderous and actionable; and this though the duty be not a legal one, but only a moral or social duty of imperfect obligation' " (*Byam v Collins,* 111 NY 143, 150; *see, Stukuls v State of New York,* 42 NY2d 272, 279). The common interest privilege is a qualified privilege, and qualified privileges are broadly applied (*see, Herlihy v Metropolitan Museum of Art,* 214 AD2d 250, 259). The parties need only have such a relation to each other as would support a reasonable ground for supposing an innocent motive for imparting the information (*see, Garson v Hendlin,* 141 AD2d 55, 61-62, *lv denied* 74 NY2d 603).

We conclude that the subject matter and relation of the parties support the application of the common interest privilege. The Dean oversaw each department in the FSS, and his unwillingness to consider the concerns of the Department fac-

ulty regarding plaintiff was a matter of interest to all faculty within his jurisdiction. The fact that defendants had already sent a proposal to the FSS seeking an amendment to the FSS bylaws addressing those concerns also demonstrates the common interest of defendants and the entire FSS faculty even though the memorandum did not explicitly refer to the proposed amendment. Professors and administrators at a university have a common interest in preserving the academic reputation and integrity of the faculty (*see, Klinge v Ithaca Coll.*, 167 Misc 2d 458, 464) and have a qualified privilege to report matters to university authorities that are relevant to that common interest (*see, Klinge v Ithaca Coll., supra*, at 466, citing *Stukuls v State of New York, supra, mod on other grounds* 235 AD2d 724).

The privilege may be defeated by an abuse such as excessive publication (*see, Stukuls v State of New York, supra*, at 281). The contention of plaintiffs that publication of the memorandum to FSS members constituted excessive publication lacks merit because the recipients all shared a common interest with defendants..

The privilege may also be defeated by common-law malice, which is actual spite or ill will, if it is " 'the one and only cause for the publication' " (*Liberman v Gelstein*, 80 NY2d 429, 439). If the statement was made to further a protected interest, then ill feelings and earlier disputes between the parties are insufficient to defeat the privilege (*see, Liberman v Gelstein, supra*, at 439; *Shapiro v Health Ins. Plan*, 7 NY2d 56, 64). An inference of common-law malice may be drawn from a publication that is extravagant in its denunciations or vituperative in its character (*see, Herlihy v Metropolitan Museum of Art, supra*, at 259-260; *Misek-Falkoff v Keller*, 153 AD2d 841, 842). Plaintiffs failed to raise an issue of fact whether the memorandum is extravagant or vituperative. It is businesslike and alleges specific acts of misconduct. Thus, plaintiffs failed to raise an issue of fact whether the memorandum was sent with the sole purpose of injuring plaintiff (*see, Liberman v Gelstein, supra,* at 439).

Defendants established that there was no showing of actual, or constitutional, malice, and plaintiffs' conclusory allegations are insufficient to raise an issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Because we conclude that plaintiffs have failed to raise a triable issue of fact whether common interest was absent or whether any abuse of the common interest qualified privilege might destroy it (*see, Stukuls v State of New York, supra,* at 279), defendants are entitled to summary judgment dismissing the complaint. In view of our

determination, it is unnecessary to reach plaintiffs' alternative contention. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.