■ RUBEN DIAZ, SR., Respondent, v PEDRO ESPADA et al., Appellants. [778 NYS2d 38]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about October 8, 2003, which, to the extent appealed from as limited by the brief, in this action alleging libel and slander, granted plaintiff's motion pursuant to CPLR 3211 (b) insofar as dismissing defendants' first and second affirmative defenses of truth and qualified privilege, respectively, unanimously reversed, on the law, without costs, the motion denied and the first and second affirmative defenses reinstated.

The alleged defamatory statements were made in printed materials and a television advertisement published in the context of a political campaign. The statements address the issue of plaintiff's 1965 arrest and indictment for two felony counts of possession with intent to sell heroin and marijuana, respectively, another felony count for possession of a quarter ounce or more of marijuana, and a misdemeanor count for possession of heroin, and his resulting conviction, by guilty plea, of unlawful possession of narcotic drugs, an A misdemeanor. The underlying facts include the arresting officer's sworn affidavit stating that he observed plaintiff conduct two apparent drug sales from his apartment before searching the apartment, recovering drugs and drug paraphernalia, and eliciting admissions from plaintiff, including "I sell the Herion [sic] and Marijuana five dollars a bag, and to [sic] my cousin gets it for four dollars." Also referenced in the statements is an April 26, 1994 article in the New York Daily News, quoting plaintiff and his attorney, which reports his efforts to expunge the matter from his criminal record.

It was error to dismiss the affirmative defenses of truth and qualified privilege here, inasmuch as the record shows that these defenses are sufficiently pleaded. Statements made regard-

ing a matter of public concern, such as the political campaign at issue here, are generally accorded the qualified privilege of "fair comment" if "the statements complained of are (1) a comment, (2) based on facts truly stated, (3) free from imputation of corrupt or dishonorable motives on the part of plaintiff, save insofar as such imputations are warranted by the facts truly stated, and (4) the honest expression of the writer's real opinion" (*Schneph v New York Times Co.*, 32 Misc 2d 237, 240 [1961], citing *Foley v Press Publ. Co.*, 226 App Div 535, 544 [1929]; *see also Suozzi v Parente*, 202 AD2d 94, 101 [1994], *lv dismissed* 85 NY2d 923 [1995]; *ATN Marts v Ireland*, 195 AD2d 959 [1993]). In order to overcome the qualified privilege and successfully assert that such statements are defamatory, plaintiff in this instance must show that they were made with actual malice (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379 [1977], *cert denied* 434 US 969 [1977]). "Actual malice" requires proof that the statement was made with knowledge that it is false or with a reckless disregard for the truth (*id.* at 382).

All but one of the statements at issue appear to be prima facie fair comment, accurately stating the known facts concerning plaintiff's arrest and the charges, and positing candid opinions, supported by the facts, regarding his efforts to expunge his criminal record and to avoid its implications in his campaign. In addition, the motion court found the record on the issue of malice "undeveloped . . . precluding a legal determination of the existence of malice as a matter of law." Hence, the affirmative defense of qualified privilege should not have been dismissed.

To the extent that the campaign statements purport to be factual statements, there are sufficient factual allegations, and documentary evidence, to support their truth at this juncture. Hence the affirmative defense of truth is viable. Truth is a complete defense to a claim of defamation (*Dillon v City of New York*, 261 AD2d 34, 39 [1999]); therefore, plaintiff must prove these statements false in order to prevail at trial. Contrary to the motion court's findings, in all but one instance, these statements clearly reference plaintiff's arrest and indictment, rather than his conviction. The one exception, the libelous per se statement apparently referring to plaintiff as "a drug dealer in Albany," arguably impugns plaintiff as having been convicted for sale of drugs. While this statement may contradict the certificate of disposition submitted by plaintiff in support of dismissal, we note that the police affidavit and the indictment lend the affirmative defense factual support. Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.