Oscar C. Lerwick, Jr., Appellant, v Ralph E. Kelsey et al., Respondents, et al., Defendant. [806 NYS2d 732]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 9, 2004 in Chenango County, which, inter alia, granted a motion by defendants Ralph E. Kelsey, Steven P. Krna and Ruth A. Smith to dismiss the complaint against them and/or for summary judgment.[1]

This action is one of three actions pending before this Court (*Lerwick v Kelsey,* 24 AD3d 920 [2005] [decided herewith]; *Lerwick v Kelsey,* 24 AD3d 931 [2005] [decided herewith]). Plaintiff was president of what is now the Broome Cooperative Insurance Company (hereinafter BCIC), also serving with defendants Ralph E. Kelsey, Ruth A. Smith and Steven P. Krna (hereinafter collectively referred to as defendants), as a member of its Board of Directors; Kelsey became chairperson. Plaintiff alleged that at various board meetings in which he was not present, Kelsey defamed him to the other board members by belittling and criticizing his work performance and future plans for the company. Plaintiff further asserted that defendants acted with malice and conspired against him to cause his termination as president of BCIC. Finally, he asserted that certain minutes of BCIC be voided due to fraud by Krna.

Defendants moved to dismiss the complaint for failure to state a cause of action and/or for summary judgment. After oral argument, Supreme Court granted the motion to dismiss with respect to all defendants, other than Kelsey. With respect to Kelsey, Supreme Court granted summary judgment. Plaintiff appeals and we affirm.

Upon a motion to dismiss a cause of action for failure to state a claim upon which relief can be granted, plaintiff's facts must be accepted as true and all favorable inferences must be credited to plaintiff before determining whether any cognizable legal

---

1. Although there was a judgment entered, plaintiff contends that it was never served.

theory can be discerned (*see Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]). Even under these precepts, the cause of action for conspiracy was properly dismissed since it is not an independent tort (*see Dobies v Brefka,* 263 AD2d 721, 722 [1999]). As to the claim alleging tortious interference with prospective economic advantage, plaintiff had to assert, in the absence of a written employment contract, culpable, nonlawful conduct by defendants which is generally criminal in nature or independently tortious (*see Carvel Corp. v Noonan,* 3 NY3d 182, 189-190 [2004]; *NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 621-622 [1996]). If unable to sustain that showing, plaintiff had to demonstrate that defendants engaged in conduct " 'for the sole purpose of inflicting intentional harm' " (*Carvel Corp. v Noonan, supra* at 190, quoting *NBT Bancorp v Fleet/Norstar Fin. Group,* 215 AD2d 990, 990 [1995], *affd* 87 NY2d 614 [1996]).

Our review fails to conclude that any of the alleged conduct rose to either of the aforementioned standards. All pleaded statements were made in the context of board meetings where there was a common interest, as members of the board, to communicate openly and freely about both the administration and future of the company (*see Liberman v Gelstein,* 80 NY2d 429 [1992]; *Hoyt v Kaplan,* 263 AD2d 918 [1999]). The requisite tortious conduct cannot be gleaned from the allegations supporting the defamation cause of action because no statements were attributed to either Smith or Krna (*see* CPLR 3016). As to statements made by Kelsey, even if the words could be considered slanderous, he was entitled to a qualified privilege due to his status as a board member (*see Liberman v Gelstein, supra* at 437-438; *Hoyt v Kaplan, supra* at 919; *Rabushka v Marks,* 229 AD2d 899, 902 [1996]). While we recognize that Kelsey failed to plead this affirmative defense causing its waiver (*see* CPLR 3018 [b]; *Garriga v Townsend,* 285 AD 199, 201 [1954]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:20, C3018:22; *see also Garcia v Puccio,* 17 AD3d 199, 201 [2005]),[2] "[s]uch . . . waiver . . . may be retracted by [the] assertion of an unpleaded affirmative defense in connection with a summary judgment motion" (*Sheils v County of Fulton,* 14 AD3d 919, 921 [2005], *lv denied* 4 NY3d 711 [2005]; *see Allen v Matthews,* 266 AD2d 782, 784 [1999]; *Adsit v Quantum Chem. Corp.,* 199 AD2d 899, 900 [1993]). The record

2. The recognized procedure in the context of a defamation action is "to plead the privilege as an affirmative defense and thereafter move for summary judgment on that defense, supporting the motion" (*Demas v Levitsky,* 291 AD2d 653, 661 [2002], *lv dismissed* 98 NY2d 728 [2002]).

revealed that this privilege was asserted at oral argument on the motion for summary judgment, thus affording the parties a full opportunity to address it. Hence, in the absence of prejudice, surprise (*see Rogoff v San Juan Racing Assn.,* 54 NY2d 883, 885 [1981]; *Sheils v County of Fulton, supra* at 921; *Brodeur v Hayes,* 305 AD2d 754, 755 [2003]), malice or falsity (*see Hoyt v Kaplan, supra* at 919), Supreme Court properly granted the motion on this basis. Having reviewed and rejected plaintiff's remaining contentions, we affirm.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.