**UTILITY METAL RESEARCH, INC., Plaintiff–Counterclaim–Defendant–Appellant,**

v.

**GENERAC POWER SYSTEMS, INC., Defendant–Cross–Defendant–Appellee,**

Allegheny Energy Solutions and Allegheny Energy, Inc., Defendants–Counterclaimants–Cross–Claimants–Appellees.

No. 05–4940.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Daniel Melucci, N.Y., N.Y. (Melucci, Celauro & Sklar, N.Y., N.Y., on the brief), for Appellant.

Rod Rogahn, Waukesha, WI, for Appellee, Generac Power Systems, Inc.

Paul M. Hellegers, N.Y., N.Y. (Menaker & Herrmann, N.Y., N.Y., on the brief), for Appellees, Allegheny Energy Solutions and Allegheny Energy, Inc.

Present: Honorable JOHN M. WALKER, Jr., Chief Judge, Honorable AMALYA L. KEARSE, and Honorable RALPH K. WINTER, Circuit Judges.

### SUMMARY ORDER

Plaintiff Utility Metal Research, Inc. ("UMR"), appeals from a judgment of the United States District Court for the Eastern District of New York, Frederic Block, *Judge*, dismissing pursuant to Fed. R.Civ.P. 12(b)(6) and 12(c) UMR's claims against defendants Generac Power Systems, Inc. ("Generac"), and Allegheny Energy Solutions and Allegheny Energy, Inc. (collectively the "Allegheny Defendants"), principally for breach of contract and breach of express and implied warranties, as well as for negligence and strict product liability, and claims against Generac for defamation and tortious interference with contract. The district court dismissed the contract and warranty claims on the principal ground that the complaint failed to

identify the contractual or warranty provisions that defendants are alleged to have breached. For the reasons that follow, we vacate so much of the judgment as dismissed UMR's claims for breach of contract and breach of warranty, and we remand for further proceedings on those claims. We affirm the dismissals of plaintiff's tort claims.

To warrant dismissal of a complaint for "failure to state a claim upon which relief can be granted," Fed.R.Civ.P. 12(b), it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").... "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ...."), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). To satisfy the notice pleading requirements, a complaint need include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Such a statement must " 'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests,' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. at 47, 78 S.Ct. 99), but it need not plead evidence, *see Swierkiewicz*, 534 U.S. at 510–11, 122 S.Ct. 992.

The same standards apply to a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c). *See, e.g., Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir.2004). We review a district court's dismissal under either Rule *de novo. See, e.g., Cooper v.*

*Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (Rule 12(b)(6)); *Juster Associates v. City of Rutland,* 901 F.2d 266, 269 (2d Cir.1990) (Rule 12(c)). "In evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Madonna v. United States,* 878 F.2d 62, 65 (2d Cir.1989).

■ In the present case, the amended complaint alleged six causes of action related to the acquisition from defendants of power generators for clients of UMR. The first cause of action alleged that UMR entered into a contract with defendants on or about November 8, 2000, "for the analysis, design, engineering, financing, maintenance, construction and purchase of an on-site power application for installation at the premises of plaintiff's client, LEE SPRING COMPANY." (Amended Complaint ¶ 28.) It alleged, *inter alia*, that defendants knew of the particular purpose for which the generator was purchased (*see id.* ¶ 31); that they provided "warranties on said on-site power application." (*id.* ¶ 30); that the "on-site power application was furnished by defendants in a defective condition" (*id.* ¶ 35); that it "was not fit for the particular purpose" for which it was acquired (*id.* ¶¶ 36, 38); and that UMR as a result suffered damages. These allegations were paralleled in the second, third, and fourth causes of action with respect to contracts that UMR alleged it entered into with defendants on September 9, 2000, September 7, 2000, and July 23, 2001, for similar power applications at the premises of UMR's clients Trump Village, Rolet Food Products, Inc., and White Plains Linen Light Steam Laundry, respectively. These allegations sufficed to give defendants fair notice, at the pleading stage, of the nature and general circumstances of UMR's contract and warranty claims. Such further details as defendants may

need to defend against those claims may be elicited through the discovery process but were not required to be included in the pleading.

■ UMR contends that its first four causes of action also state tort claims for negligence and strict product liability (*see, e.g.,* Amended Complaint ¶¶ 60, 61) (alleging that "defendants failed to use reasonable care in designing or making the aforesaid on-site power application and or the materials and parts of which it is made" and that "the[ir] defective condition ... was reasonably certain to be dangerous and or defective when put to normal use"). UMR argues that the allegedly defective generators caused damage to themselves. (UMR brief on appeal at 19–20). The district court properly dismissed these claims on the ground that, under New York law, *see Bocre Leasing Corp. v. General Motors Corp.,* 84 N.Y.2d 685, 694, 621 N.Y.S.2d 497, 501, 645 N.E.2d 1195 (1995), where a plaintiff seeks recovery under either a negligence or strict-products-liability theory for damage to a product that is the subject of a contract, as contrasted with physical damage to a person or other property, the plaintiff may recover only contract damages.

The district court also properly dismissed UMR's fifth cause of action, which asserted that Generac tortiously induced "one or more" of UMR's clients to breach their agreements with UMR (Amended Complaint ¶ 240). The complaint contained no allegations sufficient to give Generac notice of the terms of UMR's agreements with its customers, or in what respect any customer breached such an agreement, or what Generac did to induce such a breach. *See generally Edward B. Fitzpatrick, Jr. Construction Corp. v. County of Suffolk,* 138 A.D.2d 446, 449, 525 N.Y.S.2d 863, 866 (2d Dep't.1988).

■ The sixth cause of action alleged in UMR's amended complaint asserted a claim against Generac for defamation in connection with a letter sent to Lee Spring Company by Generac, stating that the "application and installation" of the Generac generators at those premises were "inappropriate" and needed correction, listing five areas as to which Generac had concerns, and recommending consultation with a certified engineering firm. The district court dismissed that cause of action on the ground that Generac's statements were covered by a qualified privilege, and that UMR had failed to counter that privilege by alleging that the statements were made with malice, *see generally Boyd v. Nationwide Mutual Insurance Co.,* 208 F.3d 406, 409–10 (2d Cir.2000). However, as qualified privilege is an affirmative defense that can be waived by the defendant, *see Lerwick v. Kelsey,* 24 A.D.3d 918, 919, 806 N.Y.S.2d 732, 734 (3d Dep't.2005), the plaintiff is not required to include such allegations of malice in its complaint. Nonetheless, we may affirm a decision of the district court on any ground that finds support in the record, *see, e.g., Leecan v. Lopes,* 893 F.2d 1434, 1439 (2d Cir.), *cert. denied* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990), and we affirm the dismissal of the fifth cause of action for failure to state a claim on which relief can be granted because the statements attributed to Generac were simply not " 'reasonably susceptible of defamatory connotation,' " *Albert v. Loksen,* 239 F.3d 256, 267 (2d Cir.2001) (quoting *Purgess v. Sharrock,* 33 F.3d 134, 140 (2d Cir.1994)).

We have considered all of the parties' contentions on this appeal and, except as indicated above, have found them to be without merit. The judgment of the district court is vacated to the extent that it dismissed the contract and warranty claims asserted in UMR's first four causes of action, and the matter is remanded for further proceedings in connection with

those claims. In all other respects, the judgment is affirmed.

No costs.