Pierre Jean Jacques Renelique as Assignee of BALGOBIN MANOO, Appellant, 
against
State-Wide Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered September 3, 2013. The order granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In April 2012, plaintiff commenced this action to recover assigned first-party no-fault benefits for services rendered to its assignor, Balgobin Manoo, who had allegedly sustained injuries in a motor vehicle accident which had occurred on November 14, 2011. After this action was commenced, defendant commenced a declaratory judgment action in the Supreme Court, New York County, against Manoo, plaintiff and other providers, seeking a declaration that the defendants therein were not entitled to no-fault benefits as a result of the November 14, 2011 accident involving Manoo, on the ground that Manoo had failed to comply with the terms of the applicable insurance policy by failing to appear for scheduled examinations under oath (EUOs). Neither plaintiff nor Manoo appeared or served an answer in the Supreme Court declaratory judgment action. 
In November 2012, plaintiff moved in this action for summary judgment. In June 2013, defendant cross-moved in this action for summary judgment dismissing the complaint based upon Manoo's failure to appear at scheduled EUOs. In addition to submitting various affidavits and documents in support of the cross motion, defendant submitted an affirmation of defense counsel which stated that defendant had made a motion for the entry of a default judgment against plaintiff and Manoo in the Supreme Court declaratory judgment action, which motion was unopposed, and that defendant was expecting a decision in its favor. Upon receipt of a decision in that action, defendant reserved its right to supplement its cross motion with that decision or to include the decision with its reply affirmation. Approximately one week later, plaintiff submitted an affirmation in opposition to defendant's cross motion, without mentioning the declaratory judgment action. In August 2013, defense counsel submitted a reply affirmation, noting that, on July 8, 2013, an order had been entered on default in the Supreme Court declaratory judgment action declaring that plaintiff herein and its assignor had no right to be reimbursed for services rendered to the assignor and that defendant herein had no obligation to provide coverage for no-fault claims with respect to the accident in question. Plaintiff appeals from an order of the Civil Court which granted defendant's cross motion, based on the Supreme Court order, and dismissed the complaint.
Plaintiff argues that by failing to plead collateral estoppel or res judicata as affirmative defenses in its answer, defendant waived those defenses (see CPLR 3018 [b]). Initially, we note [*2]that defendant's failure to raise the affirmative defenses of collateral estoppel or res judicata in its answer was understandable and excusable since defendant had no reason to assert these defenses before July 2013, when the Supreme Court entered the order in the declaratory judgment action. In any event, a waiver will not result if a defendant's failure to plead a matter affirmatively does not take the adverse party by surprise (see e.g. Olean Urban Renewal Agency v Herman, 101 AD2d 712, 713 [1984]; see also Rogoff v San Juan Racing Assn., 77 AD2d 831 [1980], affd 54 NY2d 883 [1981]). Indeed, "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]; see also Lerwick v Kelsey, 24 AD3d 918, 919 [2005]; Allen v Matthews, 266 AD2d 782 [1999]).
Defense counsel's affirmation in support of defendant's cross motion (which alerted plaintiff that an order in the declaratory judgment action was imminent) as well as the reply papers (which included a complete set of pleadings, motion papers and the order in the declaratory judgment action) apprised plaintiff that defendant was asserting the affirmative defenses of collateral estoppel and res judicata based on the declaratory judgment action, and plaintiff chose not to address this issue, either in opposition to defendant's cross motion or by way of surreply. Nor does the record indicate that there was any prejudice to plaintiff.
In any event, this court may take judicial notice of undisputed court records and files, including the order in the Supreme Court declaratory judgment action (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Matter of Allen v Strough, 301 AD2d 11 [2002]). Having done so, we find that the present action is barred under the doctrine of res judicata, for the reasons stated in Renelique as Assignee of Balgobin Manoo v State-Wide Ins. Co. (__ Misc 3d ___, 2016 NY Slip Op _____ [appeal No. 2013-2314 Q C], decided herewith). 
Plaintiff's remaining contentions on appeal are without merit.
Accordingly, the order is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2016