22-974-cv
*Hodges v. Lutwin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

Jamie Hodges, On the Move Ltd.,

> *Plaintiffs-Appellants*,

v.                                              22-974-cv

Molly Kathleen Lutwin, Irish Dancing Teachers Association of North America-Mid-Atlantic Region, Inc., Keith L. Labis, Francis Academy of Irish Dance, James Early,

> *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:           TOM M. FINI (Christina Taylor, *on the briefs*), Catafago Fini LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:            BENJAMIN R. ALLEE (Russell M. Yankwitt, *on the brief*), Yankwitt LLP, *for* Defendants-

Appellees Irish Dancing Teachers Association of North America-Mid-Atlantic Region, Inc., Keith L. Labis, and James Early, White Plains, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Jamie Hodges and his company, On the Move Ltd. ("On the Move"), appeal from the district court's judgment, entered on March 31, 2022, dismissing their defamation claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND[1]

Hodges is an Irish Dance performer and instructor who, through the operation of On the Move, is involved in teaching students Irish Dance in the United States and around the world. On November 18, 2019, Hodges received approval from defendant-appellee Irish Dancing Teachers Association of North America-Mid-Atlantic Region, Inc. (the "Mid-Atlantic Teachers") to conduct a summer camp within the association. On November 24, 2019, defendant Molly Lutwin sent an email (the "Lutwin Email") to the board of the Mid-Atlantic Teachers, stating that On the Move's Instagram account sent a video containing nudity to two minors who were enrolled in Lutwin's

---

[1] For purposes of reviewing the district court's grant of the motion to dismiss, this summary of facts relies on allegations contained in the complaint, as well as "assertions . . . contained in documents attached to the pleadings or in documents incorporated by reference." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

2

Irish Dance school, defendant Francis Academy of Irish Dance ("Francis Academy"), which is located in Syracuse, New York.

On January 26, 2020, the Mid-Atlantic Teachers held a regularly scheduled quarterly meeting for its members. During this meeting, defendant-appellee James Early, the Regional Director of the Mid-Atlantic Teachers, read the contents of the Lutwin Email to the other members, which included "hundreds of Irish Dance teachers[,] . . . including teachers from New York, New Jersey, Pennsylvania, and Delaware[.]" Joint App'x at 12. Later during the meeting, defendant-appellee Keith Labis, an attorney for the Mid-Atlantic Teachers, stated that he had informed federal and state law enforcement about plaintiffs' alleged conduct.

On November 23, 2020, Hodges and On the Move brought the instant action against the Mid-Atlantic Teachers, Early, and Labis (collectively, the "Mid-Atlantic defendants"), as well as against Lutwin and Francis Academy (collectively, the "Lutwin defendants"), asserting claims for defamation, defamation *per se*, and tortious interference with prospective business relations. The Mid-Atlantic defendants and the Lutwin defendants each moved to dismiss under Rule 12(b)(6). The district court granted the defendants' motions to dismiss, concluding that, on the face of the complaint, the allegedly defamatory statements were subject to the common interest privilege and that plaintiffs had not plausibly alleged facts to support any exception to the privilege — namely, excessive publication or malice. The district court also dismissed plaintiffs' tortious interference claim, finding that no independent tort or crime had been committed, which is necessary to allege such a claim. On appeal, plaintiffs argue that the district court erred in concluding that they had not plausibly alleged an exception to the common interest privilege. After commencing this

3

appeal, plaintiffs settled their claims with the Lutwin defendants. Accordingly, this appeal only concerns plaintiffs' claims against the Mid-Atlantic defendants.

## DISCUSSION

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 175 (2d Cir. 2021). To survive a motion to dismiss, the pleadings "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under New York law, a plaintiff can recover for a defamation claim "by proving that the defendant published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory *per se* or caused the plaintiff special harm, so long as the statement was not protected by privilege." *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011). One such privilege is the "common interest privilege," which "extends to a communication made by one person to another upon a subject in which both have an interest." *Liberman v. Gelstein*, 80 N.Y.2d 429, 437 (1992) (internal quotation marks and citation omitted).

Here, it is clear from the allegations in the complaint that the common interest privilege applies to the defamatory statements at issue. The members of the Mid-Atlantic Teachers shared

4

an interest in protecting the welfare of the children who participated in their Irish Dance programs, as well as receiving information that an Irish Dance company approved by the association to run a summer camp in the Mid-Atlantic region allegedly sent an obscene video to two minor students in a member's school. *See Porges v. Weitz*, 205 A.D.3d 13, 18 (2d Dep't 2022) (concluding that New York "courts have applied the so-called common interest privilege to shield from defamation litigation statements made in a good faith effort to address a potentially unsafe environment which children in the declarant's community frequented, as well as communications that were motivated by an asserted concern for the best interests of the children to whom the communication pertained" (alternations adopted) (internal quotation marks and citations omitted)); *Bulow v. Women in Need, Inc.*, 89 A.D.3d 525, 526 (1st Dep't 2011) (applying the common interest privilege to a supervisor's allegation that the plaintiff engaged in "inappropriate 'sexual horseplay' with a coworker in an area where children could see them").

However, this qualified privilege may be overcome if plaintiffs can show that the defamatory statements were excessively published or motivated by malice. *See Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 98 (2d Cir. 2000). As set forth below, the district court correctly determined that plaintiffs have failed to plausibly allege either excessive publication or malice in the complaint.

## I. Excessive Publication

Plaintiffs contend that they have sufficiently pled excessive publication because the complaint alleges that Early and Labis made the allegedly defamatory statements at the Mid-Atlantic Teachers' meeting in the presence of hundreds of Irish Dance instructors who teach across various states. We disagree.

5

A defamatory statement is excessively published when "it was made to persons with an insufficient interest in it for it to warrant protection." *Id.* at 98; *accord* Restatement (Second) of Torts § 604 (1977) ("One who . . . knowingly publishes [a defamatory] matter to a person to whom its publication is not otherwise privileged, abuses the privilege . . . ."); *id.* at § 599 cmt. a (explaining that an abuse of the privilege may occur where "the publication is made to some person not reasonably believed to be necessary for the accomplishment of the purpose of the particular privilege"). Thus, when a statement is made to those whom the speaker reasonably believes share a common interest with the speaker, those statements are not excessively published. *See Berger v. Temple Beth-El of Great Neck*, 41 A.D.3d 626, 627 (2d Dep't 2007) (holding that plaintiff's claim that "the challenged statements were excessively published" failed where "the recipients all shared a common interest" of the religious organization); *accord Anas v. Brown*, 269 A.D.2d 761, 762 (4th Dep't 2000) (emphasizing that the common interest privilege is "broadly applied" such that "[t]he parties need only have such a relation to each other as would support a reasonable ground for supposing an innocent motive for imparting the information").

Here, Early and Labis made their statements during a regularly scheduled, quarterly meeting that was limited to members of the Mid-Atlantic Teachers organization. Plaintiffs do not allege that the statements were made to anyone outside of the Mid-Atlantic Teachers organization. Moreover, plaintiffs fail to allege any facts from which one can plausibly infer that the members of the organization did not share a common interest in learning about this allegation of misconduct to, among other things, ensure the welfare of their students who might enroll in On the Move's summer camp or otherwise be involved in its instructional programs. Indeed, the complaint describes Hodges as "a highly successful Irish Dance performer and instructor . . . in

6

the close-knit Irish Dance community" who was "known by nearly every attendee of the . . . meeting by virtue of . . . attending various events at many of their dance schools." Joint App'x at 10, 33. The complaint further states that "at least 54 children had already signed up for On the Move's summer camp" and that On the Move was "on a course to sell out the camp." *Id.* at 40–41. Thus, as members of an organization focused on teaching minor students Irish Dance, the teachers shared a common interest in learning about alleged misconduct by an instructor in this close-knit community to ensure the welfare of their students.

Given this shared common interest among the members of the Mid-Atlantic Teachers regarding the misconduct allegation related to On the Move, the large number of members in that organization with whom the statements were shared does not undermine the application of the privilege in this particular case. *See, e.g.*, *Chandok*, 632 F.3d at 817 (applying the common interest privilege to statements made to "fellow scientists, at Cornell or other institutions, who shared [an] interest in NOS research"); *Hoyt v. Kaplan*, 263 A.D.2d 918, 918-19 (3d Dep't 1999) (applying the common interest privilege to statements made to the membership of a professional organization); *Brockman v. Frank*, 149 Misc.2d 399, 401 (N.Y. Sup. Ct. 1991) ("The 'common interest' qualified privilege is generally applied where members of an organization discuss among themselves matters of concern to the organization." (collecting cases)).

In sum, based upon the allegations in the complaint, we conclude that plaintiffs failed to allege facts that plausibly support overcoming the common interest privilege based on excessive publication.

7

## II. Malice

Plaintiffs also assert that the common interest privilege is defeated because the complaint sufficiently alleges malice. Malice can take two forms: (1) common law malice, *i.e.*, "spite or ill will," or (2) actual malice, *i.e.*, "knowledge that [the statement] was false or . . . reckless disregard of whether it was false or not." *Liberman*, 80 N.Y.2d at 437–38 (internal quotation marks and citation omitted). As we have explained, "[t]he critical difference between common-law malice and constitutional (*i.e.*, actual) malice . . . is that the former focuses on the defendant's attitude toward the plaintiff, the latter on the defendant's attitude toward the truth." *Chandok*, 632 F.3d at 815 (alterations adopted) (internal quotation marks and citation omitted). Although plaintiffs contend they have sufficiently alleged that both types of malice apply to the statements made by Early and Labis, we find their arguments unpersuasive.

To successfully allege that the common interest privilege is overcome because of common law malice, plaintiffs must plausibly allege that malice was the sole reason the defamatory statements were made. *See Konikoff*, 234 F.3d at 98-99; *see also Stukuls v. State*, 42 N.Y.2d 272, 281-82 (1977) (explaining that plaintiff has the "burden of proving that malice was the one and only cause for the publication"). The factual allegations in the complaint do not support a plausible inference that malice was the sole reason that Early or Labis made the statements at the Mid-Atlantic Teachers' meeting. To be sure, the complaint does allege that the defendants' "sole purpose" was to harm plaintiffs and destroy On the Move's business relationships with its customers for its Irish Dance camp and future teaching opportunities. Joint App'x at 51. However, to overcome the common interest privilege, "[m]ere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient . . . ." *Golden v. Stiso*, 279 A.D.2d

8

607, 608 (2d Dep't 2001); *see also Panghat v. N.Y. Downtown Hosp.*, 85 A.D.3d 473, 474 (1st Dep't 2011) (holding that the allegedly defamatory statements were "protected by the common interest privilege," because "[p]laintiff merely asserted in conclusory fashion that the statements at issue were made with malice, which is insufficient to overcome the privilege"). Indeed, although the complaint generally alleges that Early suffered from a "conflict of interest" because he worked at a competing camp and used the statements to destroy plaintiffs' business, Joint App'x at 51, the complaint also noted that Early had approved Hodges's application to run a summer camp, indicating that Mid-Atlantic Teachers had "no problem" with that arrangement, *id*. at 1718. In short, it cannot be plausibly inferred from the complaint that either Early or Labis was motivated solely by a desire to harm plaintiffs' business in making the statements during the meeting about the complaint of misconduct lodged against On the Move.

We conclude that the allegations regarding actual malice are similarly insufficient. On that issue, plaintiffs point to allegations in the complaint that Early and Labis were reckless in repeating Lutwin's allegations given that their statements were based on hearsay, they did not conduct their own investigation of the allegations, they failed to ascertain plaintiffs' side of the story, and they were aware that the global Irish Dance governing body Coiste Faire and law enforcement had closed their respective investigations. To properly allege actual malice, plaintiffs' factual allegations must support a plausible inference that the statements were made "'with a high degree of awareness of the publication's probable falsity' or while 'the defendant in fact entertained serious doubts as to the truth of the publication.'" *Konikoff*, 234 F.3d at 99 (alterations adopted) (quoting *Liberman*, 80 N.Y.2d at 438). No such plausible inference can be made here.

9

First, the fact that Lutwin's complaint contained hearsay is insufficient to raise a plausible inference that Early and Labis made the allegedly defamatory statements "with a high degree of awareness" that those statements were false. *Liberman*, 80 N.Y.2d at 438. The Lutwin Email contained a detailed description of both the inappropriate video and the deleted conversation on Instagram between the minors and the On the Move account. *See, e.g.*, *Glover v. Lambrix*, No. 87/3376, 1988 WL 410949, at *1 (N.Y. Sup. Ct. Oct. 5, 1988) (rejecting plaintiff's claim of actual malice where "[d]efendants possessed information, albeit largely hearsay, which furnished a basis for the defamatory statements they allegedly uttered . . . .").

Second, under New York law, plaintiffs cannot establish actual malice on the basis that the Mid-Atlantic defendants declined to consider plaintiffs' account of the events underlying the allegedly defamatory statements or failed to conduct their own investigation. *See Sanderson v. Bellevue Maternity Hosp. Inc.*, 259 A.D.2d 888, 890 (3d Dep't 1999) (rejecting plaintiff's claim that defendant exhibited actual malice by her "refusal to listen to plaintiff's explanation" and failure to investigate the truth of the statements); *see also Sweeney v. Prisoners' Legal Servs. of N.Y., Inc.*, 84 N.Y.2d 786, 793 (1995) ("[T]he failure to investigate [an allegedly defamatory statement's] truth, standing alone, is not enough to prove actual malice even if a prudent person would have investigated before publishing the statement."). Without other allegations that plausibly support a finding that the Mid-Atlantic defendants "purposefully avoided the truth," *Sweeney*, 84 N.Y.2d at 793, regarding the purported Instagram message—no allegations of which are provided in the complaint—plaintiffs cannot point to the lack of an investigation or failure to consider their side of the story to survive a motion to dismiss.

10

Finally, although the complaint alleges that the Mid-Atlantic defendants were aware at the time of their statements that the Coiste Faire investigation into plaintiffs was closed and that the law enforcement authorities did not believe a crime had been committed, such an awareness also does not support a plausible inference that the statements were false. Coiste Faire's letter regarding the alleged misconduct (which was attached to the complaint) explained that, because plaintiffs were not members of the organization, there were "severe restrictions on actions that Coiste Faire can take" and the investigation was being closed. Joint App'x at 70. However, it also articulated other steps the organization could nevertheless take to address the alleged misconduct, which further demonstrated that Coiste Faire did not close the investigation because it determined the allegations were false. Similarly, any determination by law enforcement that a crime did not occur does not mean that the alleged conduct did not happen or that it was appropriate conduct for an instructor.

In sum, even considering the allegations collectively and drawing all reasonable inferences in plaintiffs' favor, we conclude that the statements made by Early and Labis were protected by the common interest privilege and that the complaint does not plausibly allege that the privilege is overcome by excessive publication or malice. Accordingly, the district court properly dismissed the defamation claims against the Mid-Atlantic defendants.

*         *         *

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11